IRA C. HATCH v. WALTER H. McBRIEN.

*Statute of frauds—Purchase of goods—Agency—Contract construed.*

1. An agreement by a retail grocer to include in his annual order for canned goods a certain amount for a commercial broker residing in the same city, to be paid for on delivery, is held not to make a case of bargain and sale, but of agency.

2. In such a case a request by the broker, made the following year, to order goods "the same as the year before," is held to include payment on delivery.

3. Where in such a case the second order was amended by changing the variety of tomatoes included therein, which change was not made, but the broker did not base his refusal to receive the goods sent on that ground, he cannot urge that as a defense in a suit by the grocer to recover the purchase price, which he had paid to the vendors.

Error to Kent. (Grove, J.) Submitted on briefs October 23, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*FitzGerald & Barry,* for appellant, contended:

1. The contract, being verbal, was void under the statute of frauds, which has been held to apply to such contracts; citing How. Stat. § 6186; *McElroy v. Buck,* 35 Mich. 435; *James v. Muir,* 33 Id. 223:

2. The facts as found constitute no more than a mere proposition by defendant to buy goods of the plaintiff, which was not binding even on himself, and might be repudiated at any time, so long as it rested merely in parol; citing *Smith v. Brennan,* 62 Mich. 349.

3. The measure of damages on a breach of a contract of sale by a refusal by the purchaser to take the goods is the difference between the contract price and the market value at the time and place of the breach, with interest; citing 2 Suth. Dam.

359; *Brownlee v. Bolton*, 44 Mich. 218; *Cahen v. Platt*, 69 N. Y. 348; and as such market value is not found, there was no basis for any damage whatever.

4. A resale of the goods is sometimes made for the purpose of fixing the market value. In order to bind the original vendee, the right of resale must be exercised in good faith within a reasonable time, and in such time and manner as will be best calculated to produce the fair value of the property; citing 2 Suth. Dam. 360; *Brownlee v. Bolton*, 44 Mich. 218; and the resale made by plaintiff after the season for the use of the goods was nearly over, and without showing their condition, afforded no criterion for the measure of damages.

*Fletcher & Wanty* and *C. J. Potter*, for plaintiff, contended for the doctrine stated in the opinion.

CAHILL, J. This case was commenced in justice's court, where the plaintiff filed the following declaration:

"Now comes the said plaintiff, and complains of the said defendant, who has been summoned to answer the plaintiff in a plea of trespass on the case on promises, for that heretofore, to wit, on the 1st day of April, 1889, the said plaintiff, at the special instance and request of defendant, and as the agent and broker of defendant, purchased for the account of defendant a large quantity of canned goods, to wit, 200 dozen of tomatoes, and 200 dozen of corn, and caused the said goods to be brought to the city of Grand Rapids, ready to be delivered to said defendant.

"That, afterwards, and on, to wit, the day and year last mentioned, plaintiff notified defendant of the receipt of said goods, and requested him to receive them, and take them away; that defendant utterly refused to receive said goods as he had agreed, and has always refused and neglected so to do; that plaintiff, by reason of such neglect and refusal on the part of the defendant, was compelled to, and did, on, to wit, the 1st day of April, 1889, sell the said goods on account of, and for the use of, said defendant, to the best advantage and for the best prices he could obtain for the same; that by reason of a declining market, and of the depreciation in value of said goods, plaintiff suffered great loss and damage in the handling and sale of said goods, to wit, three hundred dollars. Therefore he brings suit.

" Plaintiff also declares on all the common counts in *assumpsit* to his damage $300 or under."

The plea was the general issue. Plaintiff recovered a judgment in justice's court, and the defendant appealed to the circuit, where the case was tried before Hon. William E. Grove, the circuit judge, without a jury. On the trial in the circuit court, the plaintiff asked leave, and was allowed, to amend his declaration by striking out of it, in the eighth and ninth lines, the words, "and as the agent and broker of said defendant." The court made written findings of fact substantially as follows:

Plaintiff was a retail grocer, and the defendant a commercial broker, both doing business in Grand Rapids. In 1887, when the plaintiff was placing his order for canned corn and tomatoes, the defendant requested the plaintiff to include in his order 100 cases each of corn and tomatoes for the defendant. This was done, and defendant received the goods, paying the actual cost of them at Grand Rapids, when delivered. When it came time to place orders for these goods in 1888, and on February 20, 1888, the defendant again requested the plaintiff to include in his order 100 cases each of Red Seal corn, at $87\frac{1}{2}$ cents per dozen, and 100 cases of Lowenkamp tomatoes, at $92\frac{1}{2}$ cents per dozen, each case containing two dozen cans, the defendant agreeing to receive the goods on delivery, and pay for them at the above prices. The plaintiff complied with this request, and ordered the goods from Thomas Roberts & Co., of Philadelphia. On October 11, 1888, the plaintiff received from Thomas Roberts & Co. the tomatoes ordered, including the 100 cases ordered for the defendant, and on October 29, 1888, he received the corn ordered, including the 100 cases for

the defendant, of which the defendant had immediate notice.

During the summer of 1888, the prices on such goods depreciated, and the plaintiff, at the request of the defendant, negotiated with Thomas Roberts & Co., and obtained a reduction of prices from those made in the contract to 85 cents per dozen for both corn and tomatoes, and the brand of tomatoes was changed to Red Seal. When the goods arrived, it appeared that the tomatoes were of the kind originally ordered, that is, the Lowenkamp; but it does not appear that any fault was found by the defendant with this change. The defendant requested the plaintiff to deliver the goods to him, but the plaintiff refused unless the defendant would pay for them, which defendant did not offer to do. The plaintiff, in purchasing the goods from Thomas Roberts & Co., obtained them on the following terms:

" Note payable 60 days from date of shipment, or one-half cash in 7 days."

Defendant refused to receive the goods and pay for them on delivery. It does not appear from the findings whether he offered to take them on the terms on which they were sold to plaintiff or not. The plaintiff paid Thomas Roberts & Co. for the goods at the contract price.

After the refusal of the defendant to accept the goods and pay for them, the plaintiff sold 85 cases of tomatoes at the best prices he could obtain for them, sustaining a loss thereon of $17. Up to the time of the commencement of this suit, the plaintiff has been unable to dispose of the canned corn. The court finds that the corn was worth, at the time of the commencement of the suit, $57\frac{1}{2}$ cents per dozen, and that the plaintiff's loss sustained on the corn was $55, that being the difference between the

price paid and the market price at the time of the commencement of the suit. By agreement of the parties, defendant was to pay his proportionate share of the freight from Philadelphia to Grand Rapids, which the court found to have been $20.40. It also appears from the findings that the agreement between the parties was a verbal one, and that no note or memorandum of the bargain was ever made or signed by the defendant, or any person thereunto authorized by him. For these various sums, together with interest from the time when plaintiff paid for the goods to the commencement of suit, the court found the plaintiff entitled to a judgment. Exception was taken to this judgment that the facts found did not support it.

It is said—*First*, that the contract was for the sale of personal property exceeding in value $50, and that it was therefore void, under the statute of frauds.

But we do not think the facts found make a case of bargain and sale, but rather one of agency. Plaintiff did not agree to sell the defendant the goods in question, but his contract was to order for him of Thomas Roberts & Co. If Thomas Roberts & Co. had refused to furnish the goods, the plaintiff would have been in no way responsible to the defendant for goods bargained and sold, even if the agreement between the plaintiff and defendant had been in writing. This was evidently the view taken of the transactions by the circuit judge, and we agree with him.

*Second.* It is said that, considering the contract to have been one of agency and not of bargain and sale, the defendant was entitled to the goods on the same terms of payment as the plaintiff obtained them from Thomas Roberts & Co., that is, 60 days.

Whether this is correct as a matter of law or not need

not be discussed, because it does not appear that the defendant offered to take the goods on such terms, or that he claimed the right to any such credit. The finding is that, in 1887, the defendant ordered goods, and paid for them on delivery; that, in 1888, defendant asked the plaintiff to order goods for him the same as the year before, which, we think, would include the payment for the goods as before, on delivery.

*Third.* There is nothing in the point that the tomatoes, when received, were of the Lowenkamp variety, as at first ordered, instead of Red Seal, as put into the amended order. The defendant did not put his refusal to take the goods on that ground. It does not appear whether the variety known as "Red Seal" was more or less valuable than the Lowenkamp, except that when the change was made in the order from Lowenkamp to Red Seal the price was reduced from $92\frac{1}{2}$ cents to 85 cents, indicating that the Red Seal may have been of a cheaper variety than the Lowenkamp. If so, the defendant could not complain that he was furnished with a better variety.

We think the facts found by the circuit judge support the judgment, and it will be affirmed, with costs.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.