THE STATE OF NEBRASKA ON THE RELATION OF E. F. WARREN v. THE BOARD OF COMMISSIONERS OF OTOE COUNTY.

Judgment: MANDAMUS: GARNISHMENT.  One W. instituted proceedings by mandamus in the supreme court to compel the county commissioners of O. county to levy a tax for the payment of a judgment against the county, of which he claimed to be the assignee. It appeared from the record that before the commencement of the action, proceedings in garnishment had been instituted by a creditor of the assignor in the district court of said county for the amount due thereon, which were still pending. *Held*, that the writ must be denied.

ORIGINAL application for mandamus.

*E. F. Warren*, the relator, *pro se.*

*George W. Covell* and *S. H. Calhoun*, for respondents.

MAXWELL, CH. J.

The relator states in his petition that on or about the sixteenth day of October, 1879, Dwight J. McCann recovered a judgment in the supreme court against Otoe county for the sum of one thousand seven hundred and seventy-four dollars and twenty-eight cents and costs; that the relator is an attorney at law, and has been employed professionally by McCann ever since the year 1872, and that there is now justly due to him from McCann for said services the sum of more than $2,000 —$600 being for fees for the recovery of the judgment above set forth; that on or about the sixteenth day of October, 1879, McCann assigned said judgment against Otoe county to the relator, and he is now the owner of the same; that a copy of said assignment was duly filed with the clerk of the supreme court, and served upon the board of county commissioners of Otoe county, and the relator claimed a lien upon said judgment for the aforesaid legal services; that on or about the fifteenth day of December, 1876, R. L. McDonald & Co. recovered a judgment against Dwight J. McCann for the sum of $1,893.66 and costs of suit; that an execution issued thereon was returned wholly unsatisfied, that thereupon the attorney for McDonald filed an affidavit for the purpose of obtaining process of garnishment against Otoe county, and a summons in garnishment was thereupon issued and served upon said board of county commissioners, requiring them to answer thereto at the December term, 1879, of said court; that the answer of said commissioners admitted the recovery of the judgment in favor of McCann, and asked the court to make such order in the premises as would protect the county; that on or about the second day of December, 1879, he filed a motion to dissolve said garnishment, which at the April

27

term, 1880, the court overruled, and no further action has been taken therein by said court; that on or about the sixth day of July, 1880, the relator requested the board of county commissioners of Otoe county to levy a tax to pay said judgment, which they refused to do; wherefore, the relator prays for a writ of mandamus requiring said commissioners to levy and collect an amount of money sufficient to pay said judgment, etc.

To this petition the defendants answered. *First*, that on or about the seventeenth day of October, 1877, and before they had any notice of said assignment, they were served with a summons in proceedings in garnishment in an action pending in the district court of Otoe county, wherein R. L. McDonald & Co. were plaintiffs and D. J. McCann defendant; and that said proceedings are still pending in said court, and undetermined. *Second*, that they met as a board of equalization on the twenty-first day of June, 1880, and on the thirtieth day of that month levied the taxes for the current year, as required by law, etc.

R. L. McDonald & Co. also made a return, setting up the proceedings in garnishment.

It is apparent from the record that proceedings in garnishment against the county for the amount due on the judgment in question were pending in the district court of Otoe county at the time this action was commenced; and that said proceedings are still pending and undetermined. This being the case, this court cannot entertain jurisdiction; neither can we say in this action that the proceedings in garnishment are a nullity. The court has jurisdiction of the subject matter and the parties, and its judgment, though possibly erroneous, will not be void. The writ must therefore be denied.

WRIT DENIED.