Carpenter Paper Company, appellee, v. News Publishing Company, Impleaded with Hector H. Tyndale, Appellant.

Filed November 20, 1901.    No. 10,436.

Commissioner's opinion, Department No. 3.

1. **Equitable Appeal:** Findings: Reversal. On an appeal to this court in an equitable action. the judgment will be reversed if essential findings of fact are wholly unsupported by the evidence. It will also be reversed, if essential special findings are in conflict with a general finding and the former are sufficiently supported by the evidence.

2. **Chattel Mortgage:** Delay in Filing: Not Void Against Creditors Guilty of Laches. Delay in making a chattel mortgage of record, does not render the instrument void as against creditors who fail in obtaining a lien upon the property until after the mortgage has been filed for record and possession has been taken under it.

3. **Wrong Without Tort.** In the view of the law, a wrong without resulting damages is not a tort or legally actionable.

4. **Agreement to Do Lawful Act.** A man can not be punished for agreeing to do, or for doing pursuant to an agreement, an act which, in the absence of the agreement, he might have lawfully done.

5. **To Withhold Chattel Mortgage from Record.** A creditor can not complain of the withholding of a chattel mortgage from record, pursuant to an agreement between the parties thereto, unless he make it appear that an injury has resulted from the omission to file the instrument for record.

Appeal from the district court for Lancaster county. Heard below before Cornish, J. *Reversed.*

*John P. Maule,* for appellant.

*Stephen L. Geisthardt, contra.*

Argued orally by counsel for both parties.

Ames, C.

On·the 17th day of January the News Publishing Company, a corporation engaged in publishing a newspaper and in the job printing business in Lincoln, in this state, executed and delivered to Hector H. Tyndale a chattel mortgage upon all its tangible property, bills receivable, choses in action, and effects, to secure the payment of an indebtedness from it to the mortgagee of $6,000. Manual delivery of the mortgage was on the same day made· to Troilus H. Tyndale as agent for Hector; but the instrument was not filed for record until the 12th day of the following March, and the mortgagor remained in possession, conducting the business as its own until the 16th day of the next October, when the mortgagee went into possession. On the 5th day of November, 1896, the Carpenter Paper Company recovered a judgment against the News Company and began proceedings in garnishment against one Sam E. Low, who was a member of the latter company, and also the clerk of the district court, and afterwards supplemented the proceedings by an action in equity, seeking to compel Low to account for, and pay over to the plaintiff, certain sums of money alleged to have been collected by Low from litigants in his court as compensation to the News Company for publishing in its paper notices required to be published in legal proceedings. The pleadings underwent some mutations which need not to be recited in detail, and it is sufficient to say that the cause was finally tried and submitted to the court, pursuant to a stipulation of the parties, upon a petition by the Paper Com-

pany attacking the mortgage as being fraudulent, as against them and other creditors of the mortgagor, for the reason, among others, that it was secretly withheld from record by agreement of the parties to it, for the purpose of enabling the mortgagor to conduct its business and obtain credit as the owner, without incumbrance, of the property described in it, and alleging that the indebtedness, or a part of it, for which the plaintiff's judgment was recovered, was incurred during the interval between the execution and the recording of the mortgage, and in consequence of the reliance by the plaintiff upon such apparent ownership. Issue was taken upon this petition, both by the News Company and by the mortgagee, who was a nonresident of the state but who appeared voluntarily. The petition prayed that the mortgage be adjudged fraudulent and void as against creditors of the mortgagor, and for the application of the property, or the proceeds of it, upon a sale, to the satisfaction of the claim of the plaintiff. After issue joined, but before the trial, Hector disposed of the tangible property for a sum more than sufficient to satisfy the plaintiff's claim, by a statutory foreclosure of his mortgage.

. The court by its judgment found the "facts generally in favor of the plaintiff and against the defendant, and that as a matter of law the plaintiff is entitled to the relief prayed in his petition." At the request of the defendants, the court also made a series of special findings of fact, some of which may be regarded as inconsistent with the general finding, and one of which is complained of as defective and insufficient, because of a failure to find whether the debt, or any of it, to the plaintiff, was contracted during the time the mortgage was being withheld from the record; but there is no evidence that it was so contracted. That the point would be immaterial if the mortgage was assailed solely for the reason that it was omitted for a time from record, was definitely decided by this court in *Forrester v. Kearney Nat. Bank,* 49 Nebr., 655. The Paper Company did not recover its judgment until nearly eight

months after the instrument was filed for record, nor until nearly a month after the mortgagee had taken possession under it. With respect to the alleged agreement to keep the mortgage from the record, the court found especially as follows: "That the mortgage aforesaid given by the News Publishing Company was for money loaned in the amount described in the mortgage; that at the time of the execution and delivery of said mortgage the same was given by the News Publishing Company and its officers with the understanding and expectation that the same would not be placed on record immediately but should be held from record so as to keep the knowledge thereof from the public and the creditors of the News Publishing Company; that while no binding agreement was made between the News Publishing Company and said Hector H. Tyndale for the withholding of the same from record and no consideration passed for such a promise, so that the said Tyndale was left free to place the same on record, if he had desired, yet at the time of taking said mortgage said Tyndale knew of the expectation of the News Publishing Co., in that particular and shared in the intent." This finding goes to the furthest limit warranted by the evidence in support of the alleged agreement mentioned. We think that the use of the qualifying word "binding" is of no significance. In the view of the law, an agreement which is without consideration and which the party making is at liberty to keep or not as he chooses, and which is therefore not binding or obligatory upon him, is not an agreement at all. The finding, therefore, amounts to an express negation of this allegation of the petition. But, further than this, it appears to the writer that it would be somewhat inconsistent to hold that a man may be punished for agreeing to do, or for doing pursuant to an agreement, that which in the absence of the agreement he might lawfully have done. May a man be charged with wrong doing because of having agreed to do a lawful act? But consistently with *Forrester v. Kearney Nat. Bank, supra,* the mortgage was equally valid with a new mortgage given

and recorded at the date when the mortgage in suit was filed for record and possession taken, which, as has been said, was before the Paper Company obtained its judgment. The Paper Company, however, insists that the above-quoted finding should be interpreted as finding, in effect, that the alleged agreement did exist, or that if not, this court should so find from the evidence disclosed in the record—and it combats the proposition just stated by arguing that on account of the agreement the mortgage was actually fraudulent at its inception, and, that such being the case, it was not validated as against creditors by making it of record, or by taking possession under it. The fact, if it had been found, would not, we think, have bettered the plaintiff's case. The agreement not to make the instrument of record, supposing there to have been such an agreement, was not contained in the mortgage itself, nor alleged, found nor proved to have been any part of the consideration for its execution, but was collateral to and independent of it. The plaintiff claims to have been defrauded and injured, not by the mortage, which rested upon a sufficient consideration and was a valid instrument, but by the collateral agreement and its fulfillment. But it is not found nor proved that this agreement or its consequences wrought the plaintiff any injury, because it does not appear that he was misled by it to his damage, or that he extended any credit to the News Company in ignorance of it. When the mortgage was made of record, the agreement ended and ceased to be capable of working iniquity. The mortgage was thus freed from this incubus which, in its short life, does not appear to have inflicted any harm upon anybody. A fraud, whether inhering in a contract or not, is a wrong, but, like other wrongs, it is not in a legal sense a tort or actionable, unless it has resulted in damages to some innocent person. Cooley, Torts, page *62, and cases cited. Now, it is not made to appear that the plaintiff or any of the creditors of the News Company suffered any damages on account of this alleged collateral agreement, and consequently, now that, if it ever existed, it

has come to an end, it can not be made the ground of legal complaint. The plaintiff had judgment below as prayed in its petition, and the defendants appealed.

It is recommended that the judgment of the district court be reversed and that the action be dismissed at the costs of the appellee.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and that the action be dismissed at the costs of the appellee.

REVERSED AND DISMISSED.