C. N. FOLSOM, ADMINISTRATOR OF THE ESTATE OF ADAM BERKHEIMER, DECEASED, v. PERU PLOW & IMPLEMENT COMPANY.

FILED JUNE 3, 1903. No. 12,888.

1. **Chattel Mortgage: CREDITORS.** The term creditors as used in section 14, chapter 32, Compiled Statutes, making an unrecorded chattel mortgage void as to such creditors where the mortgagor retains possession of the property, applies only to such as have legally fastened a lien or charge upon the property for the satisfaction of their debts.

2. ——: ——. A mortgagor of chattels, who retained possession thereof, died, and the mortgage was not filed for record until after the appointment of an administrator on his estate and the mortgaged property had passed into his hands; thereafter the mortgagee brought an action against the administrator for possession. *Held*, That the administrator could invoke said section only in behalf of creditors whose claims had been proved and allowed against the estate before the filing of the mortgage for record, and before the property had passed to the possession of the mortgagee.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, DISTRICT JUDGE. *Affirmed.*

*T. B. Wilson, Andrew J. Sawyer* and *N. Z. Snell,* for plaintiff in error.

*Frank H. Woods, contra.*

ALBERT, C.

In March, 1900, one Adam Berkheimer executed an instrument, which the parties hereto have seen fit to treat as a chattel mortgage on certain farming implements, to secure a *bona fide* indebtedness; the mortgagor retained possession of the property. In November of the same year the mortgagor died, and on the 5th day of the following December C. N. Folsom was appointed administrator of the estate, and, as such administrator, took possession of the mortgaged property. The mortgage was not filed for record until the 29th day of March, 1901, after the administrator had taken possession of the property. After filing the mortgage for record, the mortgagor brought this action against the administrator for possession of the mortgaged property, basing his claim thereto on the chattel mortgage, the debt thereby secured remaining unpaid.

A trial was had to the court without a jury, which resulted in a finding and judgment for the plaintiff. The defendant brings error.

The defendant contends that as administrator he represents the creditors of the estate, and that the chattel mortgage, not having been filed before his appointment, and before he had taken possession of the property, was void as to him as representative of such creditors. This contention is based on section 14, chapter 32, Compiled Statutes (Annotated Statutes, 5963), which so far as is material is as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor, and as against subsequent

purchasers and mortgagees, in good faith, unless the mort-
gage, or a true copy thereof, shall be filed in the office of
the county clerk of the county where the mortgagor execut-
ing the same resides, or in case he is a non-resident of the
state, then, in the office of the clerk of the county where the
property mortgaged may be at the time of executing such
mortgage, and such clerk shall indorse on such instrument
or copy the time of receiving the same, and shall keep the
same in his office for the inspection of all persons; and
such mortgage or instrument may be so filed, although not
acknowledged, and shall be valid, as if the same were fully
spread at large upon the records of the county."

The case of *Becker v. Anderson*, 11 Neb. 493, would seem
to support the defendant's position.    It was there held
that an unrecorded chattel mortgage, being void as to cred-
itors, the mortgaged property became assets in the hands
of the executor for the payment of debts of the estate.    The
decision in that case is based on *Kilbourne v. Fay*, 29 Ohio
St. 264, where it was held, that an unrecorded chattel
mortgage, where the mortgagor died in possession of the
property, leaving an insolvent estate, was void as to credit-
ors of the estate, and the mortgaged property became as-
sets in the hands of the executor for the payment of the
debts of the estate.    Some doubt is thrown on both these
cases by the criticism indulged in *Lancaster County Bank
v. Gillilan*, 49 Neb. 165.    But in neither of those cases was
the precise question involved in this case necessary to a
decision.    In both those cases it was shown that there
were creditors of the estate, and that the estate was insolv-
ent.    In this case it is not shown that there are any cred-
itors of the estate, save the plaintiff in this case.    It is
true, the evidence shows that the administrator presented
a petition to the county court, wherein he alleged that, in
his opinion, a sale of the personal property would be
necessary to pay the debts of the estate, and that the estate
was insolvent, and that the county court found, in passing
on the petition, that the estate was probably insolvent.
But such allegations and findings do not, in our opinion,

show the fact that there were any creditors of the estate, within the meaning of the section above quoted. It has been repeatedly held by this court, that the term creditors, as used in that section, applies only to such as, by legal process, have fastened a lien or charge upon the property for the satisfaction of their debts, and not to general creditors. *Forrester & Co. v. Kearney Nat. Bank*, 49 Neb. 655; *National Bank of Commerce v. Bryden*, 59 Neb. 75; *Fitzgerald v. Andrews*, 15 Neb. 52. The cases just cited would seem to imply that such lien or charge could be acquired only by the levy of an attachment or execution. But the principle underlying those cases is, we think, that a mortgage is void as against creditors who, by legal process, have acquired a specific lien upon the property for the satisfaction of their debts. But we do not think such liens are acquired by the mere appointment of an administrator, nor by his possession of the property. It may be conceded that he takes the property as trustee and holds it in trust for the benefit of the creditors of the estate, as well as for the benefit of all other persons interested in the estate. But that does not charge the property with a specific lien in favor of any creditor. The administrator, as representative or trustee of the creditors, certainly occupies no more advantageous position, with reference to the property, than the creditors themselves. The relation of a creditor to the assets of the estate, before his claim has been proved and allowed, is analogous to that of a general creditor to the property of his debtor before he has levied upon it under an attachment or execution. In neither case is he in a position to assail a conveyance of the property on the ground that it was made in fraud of his rights. In *O'Connor v. Boylan*, 49 Mich. 209, 13 N. W. 519, it was held that claims against the estate must be adjudicated before they become such a charge against it as would warrant the creditor in filing a bill to set aside a conveyance made by the testator in fraud of his creditors. To the same effect is *Ohm v. Superior Court of the City and County of San Francisco*, 85 Cal. 545, 26 Pac. 244, which

was followed in *Field v. Andrada,* 106 Cal. 107, 39 Pac. 323.

The principle underlying these cases is, that a general creditor of an estate has no lien on the assets, until his claim has been adjudicated and allowed. If that be true, and we have no doubt of it, and if, as repeatedly held by this court, the term creditors in the section of the statute quoted applies only to such as have acquired a lien upon the property while in possession of the mortgagor and before the filing of the mortgage for record, then there is no escape from the conclusion, that an unrecorded chattel mortgage, where the mortgagor dies in possession of the mortgaged property, is void only as to those creditors whose claims had been adjudicated and allowed before the mortgage was filed for record and before the mortgagee had reduced the property to his possession, and, that an administrator, as the representative of the creditors, can invoke said section only in behalf of those creditors whose claims have been thus allowed. It not having been shown that there are any such creditors in this case, it follows that the administrator is not in a position to assail the chattel mortgage, and that the judgment of the district court is right.

We therefore recommend that the judgment of the district court be affirmed.

BARNES and GLANVILLE, C. C., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.