THOMAS N. NAUDAIN, JR., APPELLEE, v. HERBERT R. FULLENWIDER ET AL., IMPLEADED WITH WILLIAM D. MIXTER, APPELLANT.

FILED JUNE 30, 1904.  No. 13,456.

1. **Mortgage: ATTACHMENT: PRIORITY.** Where a mortgagee claims a lien on real estate through a deed filed for record subsequent to the levy of an order of attachment on the same land as the property of the grantor in such deed, the order of attachment and the return of the sheriff showing the levy being duly recorded in the office of the recorder of deeds before the recording

of such deed, the mortgagee takes with notice of the rights of the attachment creditor and subject to such infirmities as inhere in the title of the mortgagor.

2. ———: ———: ———. A prior unrecorded deed passing title to real estate, if made in good faith and for a valuable consideration, will take precedence of an attachment or judgment, if such deed· be recorded before the deed based upon such attachment or judgment. *Harral v. Gray*, 10 Neb. 186.

3. **Appeal: Trial de Novo.** Upon an appeal in equity this court will try the issue *de novo*, and will not be influenced in its decision by the findings of the trial court based upon depositions 'or other written evidence. The conclusions of the trial court, derived from the consideration of the evidence of witnesses examined in the presence of the court, will 'not be regarded, unless upon the whole record, in view of the position of the trial court in weighing such evidence, they appear to be right. *Grandin v. First Nat. Bank*, 70 Neb. 730.

4. **Evidence** examined, and *held* that the deed through and under which the mortgagee claims a lien on the land in controversy was not delivered to the mortgagor until after the levy of the order of attachment, and that the mortgagee's lien is subject to that acquired by the attachment creditor by virtue of the levy of such attachment.

5. **Reversal.** The conclusions and decree of the trial court finding and holding to the contrary are reversed.

APPEAL from the district court for Garfield county: JAMES N. PAUL, JUDGE. *Reversed with directions.*

*Doyle & Berge*, for appellant.

*C. H. Balliet, contra.*

HOLCOMB, C. J.

The right of the plaintiff, appellee, to the enforcement of a lien on the real estate in controversy, lying in Garfield county, arises by virtue of a mortgage executed on the 20th day of July, 1901, by one Herbert R. Fullenwider. The appellant, Mixter, who was a defendant below, claims a lien on the same land under an order of attachment issued in a certain action then pending in Lancaster county and resulting in a judgment in his favor, wherein he was

plaintiff and one John C. Fullenwider was defendant, which was on the 21st day of May, 1901, levied on the same real estate described in plaintiff's mortgage as the property of the attachment debtor. A copy of the order of attachment and of the return of the sheriff making the levy was duly filed in the office of recorder of deeds of Garfield county and recorded in the proper record on the same day the levy was made. On the 23d day of May following, a deed purporting to have been executed by the attachment debtor John C. Fullenwider to Herbert R. Fullenwider and bearing date May 3, 1901, was presented and duly filed for record and recorded in the office of the said recorder of deeds. Afterwards and on the 20th of July, the mortgage above mentioned was executed in favor of the plaintiff. In view of the foregoing circumstances, it is clear that the mortgagee when he accepted the mortgage under which he claims, took it charged with notice of the interest and rights of the attachment creditor by virtue of the levy of the order of attachment on the real estate as the property of the attachment debtor, and subject to any infirmities inhering in the title of the mortgagor, Herbert R. Fullenwider, by reason of the time and manner in which he acquired his title and interest in and to said land. When the mortgage was executed, the records of Garfield county, wherein the land was situated, disclosed that the order of attachment at the suit of the appellant had been levied on the land as the property of the attachment debtor and while the legal title, as appeared by the records, was in his name, and some two days prior to the time the mortgagor had recorded his deed evidencing a conveyance of the land from the attachment debtor to himself. The mortgagee had constructive if not actual notice of the then state of the public records and must be deemed to have acquired a lien subject to whatever rights the attachment creditor acquired therein prior thereto, and to stand in no more favorable light than would the mortgagor claiming under his deed from the attachment debtor.

In determining the respective rights of the parties to the controversy, regard is to be had to the rule that a prior unrecorded deed passing title to real estate, made in good faith and for a valuable consideration, will take precedence of an attachment or judgment, if such deed be recorded before the deed based upon such attachment or judgment. *Harral v. Gray*, 10 Neb. 186; *Mansfield v. Gregory*, 11 Neb. 297; *Hargreaves v. Menken*, 45 Neb. 668; *Peterborough Savings Bank v. Pierce*, 54 Neb. 712, 724; *Westervelt v. Hagge*, 61 Neb. 647, 659. The pith of the present controversy is with respect to the question of the good faith of the transaction whereby John C. Fullenwider transferred or attempted to transfer title to the real estate in controversy from himself to his son Herbert R. Fullenwider who afterwards executed the mortgage which is now assailed by the attachment creditor. And this question presents a dual aspect. Was the transaction a *bona fide* sale of the land and, if so, when was the deed actually delivered to the grantee? The determination of these questions requires a consideration and weighing of the evidence and an ascertainment of the proper inferences to be drawn therefrom. The case comes here by appeal and for a trial *de novo*. We are, says the statute, to reach a conclusion independent of and without reference to the conclusion reached in the trial court. The evidence in the case is partly in the form of depositions and partly from witnesses who appeared in court and before the trial judge on the hearing therein. Having due regard to the fact that the trial court possesses an advantage over a reviewing court in the consideration and weighing of evidence of witnesses who appear before the court in the trial of a cause, we are to decide from the record as presented whether in view of all that is disclosed therein and of the fact just adverted to, a different conclusion should be reached from that announced by the trial court. It has recently been announced in considering the effect of the new statute regarding decisions in this court on appeal in actions in equity that this court will try the issue *de*

*novo* and will not be influenced in its decision by the findings of the trial court based upon depositions or other written evidence. The conclusion of the trial court derived from the consideration of the evidence of witnesses examined in the presence of the court will not be regarded unless upon the whole record, in view of the position of the trial court in weighing such evidence they appear to be right. *Grandin v. First Nat. Bank,* 70 Neb. 730. It is in the light of the rule as thus announced that we undertake a consideration of the controverted questions of fact in the case at bar.

The attachment debtor, John C. Fullenwider, is the father of the grantee in the deed filed for record just a short time subsequent to the levy of the order of attachment. It is earnestly contended by counsel for defendant Mixter the evidence warrants a finding that the deed from Fullenwider to his son although executed on May 3d, was only partially executed and, at the time, the name of the grantee was left blank and that possession was retained by the grantor and later on, after the order of attachment against him was issued and levied, the name of his son was inserted as grantee, the deed presented for record and thereafter delivered to his son as an executed contract. At the time the father lived in Lincoln, the son in Omaha, and the land lay in Garfield county. In support of the plaintiff's version of the affair and to establish the *bona fides* of the transaction, there is found evidence in the record tending to prove that an oral arrangement was made between the father and son on the 1st or 2d of May that the latter should take the land which the former was then anticipating securing a deed for, and that on the third, a deed was duly executed conveying the land to the father and also, at the same time, the deed in controversy executed by him to his son in pursuance of the prior arrangement, and that this deed was actually delivered to the son at Omaha on the 9th of May and by the latter mailed to the recorder of deeds of Garfield county on the 20th or 21st of May and received and filed for record on

the 23d. The crucial point seems to be with respect to the question of when the deed was actually delivered by the father to the son. There is in the record, with nothing to controvert it, evidence sufficient to show that the son paid an adequate consideration; in fact, while it appears that the land is worth but $400 or $500 it is testified to by both father and son that the consideration paid by the latter was $1,200. The rule regarding transactions of this character is that a transfer of property by a debtor to a relative which has the effect of hindering or delaying other creditors in the collection of their debts will be scrutinized very closely, yet it will be sustained if made in good faith and for an adequate consideration. Other decisions go to the extent of holding that such transactions are *prima facie* fraudulent and the burden is cast upon a party thus claiming to clearly and satisfactorily establish the good faith of the transaction. There is strong evidence in the record, and as we view it, convincing, tending to show that the deed to the son was executed with the name of the grantee in blank. This is the best recollection of the notary public taking the acknowledgment of the grantors. It is also testified that on the 7th day of May, the father visited Garfield county and made inquiries regarding the probabilities of a sale and stated that he was in possession of a deed in blank so that a quick sale could be made if a purchaser could be found. At the time of receiving the deed for record, the county clerk testifies that the name of the grantee had been freshly written in the deed in ink the color of which had not changed as it would do after a short period of time. It is also testified that the deed when it was transmitted for record was sent by the father to the recorder with directions to record and to send to the grantee at his address in Omaha, and that with the letter of transmission was inclosed the necessary fee to pay for the recording of the instrument. There is evidence of an almost if not quite irrefragable character that the recording fee was transmitted with the deed by a money order drawn at the postoffice at Lincoln on the postoffice

at the county seat of Garfield county. According to the testimony of the grantor and grantee, the deed was transmitted for record from Omaha and the testimony to which we have just referred is wholly inconsistent with the theory of the plaintiff in this respect. The evidence to uphold the transaction and to prove delivery before the levy of attachment is confined altogether to the testimony of the father and the son. The original deed was not offered in evidence. Other evidence of a wholly disinterested character is in very sharp conflict with the evidence offered to uphold the validity of the conveyance. We find no way of reconciling the apparent conflict and are compelled to make such deductions as seem to be warranted from contradictory testimony of the character just referred to. The circumstances appear to us to point unmistakably to the fact that the conveyance of the father to the son and the delivery thereof were the result of and expedited by the suit instituted and the attachment levied by the defendant Mixter. We conclude from a careful consideration and full examination of the entire record that the delivery of the deed from John C. to Herbert R. Fullenwider was subsequent to the levy of the order of attachment, and consequently the grantee took the land charged with the lien of the levy, and the mortgagee's lien, likewise, is subordinated to that of the levy of the order of attachment. The conclusion reached by the trial court awarding to the mortgagee a first lien should be reversed and a decree entered in this court giving to the attachment creditor the first lien by virtue of his levy and to the mortgagee a second lien. A decree will be entered in this court in conformity with the conclusions we have herein announced.

DECREE ACCORDINGLY.