A. J. MINOR LUMBER COMPANY, APPELLEE, v. ELMER E. THOMPSON; A. J. SHUMWAY, INTERVENER, APPELLANT.

FILED MARCH 26, 1912.    No. 16,659.

Mortgages: ATTACHMENT: PRIORITY OF LIENS. A prior unrecorded mortgage on real estate, made in good faith and for a valuable consideration, will take precedence of a title derived by virtue of a sale under attachment or execution, if such mortgage is placed on record before the sheriff's deed based upon such proceedings is recorded.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Judgment modified.*

*L. L. Raymond,* for appellant.

*Wright, Duffie & Wright, contra.*

LETTON, J.

The controversy in this case is as to the priority of liens. On January 22, 1908, a writ of attachment was levied in this action on certain real estate belonging to defendant Thompson, who is a nonresident of this state. Service was had by publication, and proof thereof made on March 3, 1908. On the same day a deed was placed upon record from Thompson to "A. J. Shumway, Trustee," to the same property. Afterwards, the trustee intervened in this case and filed an amended answer and cross-petition, alleging, in substance, that on November 25, 1907, Thompson executed to him a trust deed to the property; that the agreement between Thompson and him was verbal and not in writing, and that the deed was in fact a mortgage given to secure Shumway and another against loss or damage by reason of each of them having become sureties upon two several notes of Thompson; that Thompson made default in the payment of each of the notes; that the sureties paid them, and there is now due and owing by Thompson to the sureties $290.33 and $83.50, respectively, which is secured by the trust deed; and further alleging that the lien created by the trust deed is prior and superior to that derived under the attachment proceedings. The prayer was for a foreclosure of the trust deed as a mortgage. A copy of the deed and of the notes mentioned are attached to the cross-petition as exhibits. The reply is a general denial. Defendant Thompson made default. The court found for the plaintiff on its count for goods and merchandise; found for the cross-petitioner, that the deed is in effect a mortgage, and was given to secure the notes as alleged; found, further, that the attachment was the first and prior lien upon the real estate, and the lien of the mortgage junior and inferior thereto. Judgment went for the amount due plaintiff, and a decree of foreclosure was rendered for the amount found due under the mortgage. The intervener excepted to the finding making the judgment the prior lien, and has appealed on this point.

No motion for a new trial was filed. The only point necessary to consider, therefore, is whether the findings and decree are sustained by the pleadings. We have repeatedly held that a prior unrecorded deed conveying title, made in good faith and for a valuable consideration, will take precedence of a title derived by virtue of a sale under attachment or execution, if such deed is placed on record before the sheriff's deed based upon such proceedings is recorded. *Harral v. Gray*, 10 Neb. 186; *Mansfield v. Gregory*, 11 Neb. 297; *Naudain v. Fullenwider*, 72 Neb. 221; *Mahoney v. Salsbury*, 83 Neb. 488. The same principle applies with respect to mortgages.

Under the facts alleged as to time, the mortgage created a lien on the property valid between the parties from the date of its execution on November 25, 1907. The attachment proceedings could only operate upon the interest of the debtor in the land. If, however, the mortgagee had withheld the trust deed from record until after a deed based upon the attachment proceedings had been recorded, in that event, by the operation of the recording act, his lien would have become postponed and subsequent to that of the purchaser at sheriff's sale. But, having recorded the mortgage before the judgment in the case was rendered or any sale made thereunder, his prior lien was preserved and the attachment lien was junior thereto.

But plaintiff argues that, since the trust deed recited "This deed is made in trust to secure the performance of certain conditions set forth and contained in a separate agreement bearing even date herewith and signed by the parties hereto," and since these recitals are contradicted by the allegations of the petition that the agreement or contract was a verbal one, the averments of the petition as to the contract being oral are effectually disproved. It also contends that the terms of a trust cannot be shown by parol testimony, and that there is no competent evidence in the record that the intervener has any such interest in the attached property as he claims. It has been often decided here that the actual consideration of a deed,

or that a deed is in fact a mortgage, may be shown by parol.

Under analogous principles it would be proper to show under the pleadings in this case that the recital in the deed, that the defeasance was in writing was untrue, and that the deed was, in fact, executed under a parol agreement to secure Mr. Thompson's sureties as alleged. This being the case, we are satisfied that the allegations of the cross-petition are sufficient to sustain the findings of fact; but we think the court erred in holding as a matter of law that the lien of the mortgage was the junior one.

The judgment of the district court should be modified so as to constitute the lien created by the trust deed the first lien on the property and the lien created by the attachment proceedings the second lien thereon. The judgment of the district court is, therefore, affirmed as to the findings of fact, and the cause is remanded to the district court, with directions to modify the judgment in conformity with this opinion.

JUDGMENT MODIFIED.

REESE, C. J., not sitting.