Stocker v. Church.

ALBERT E. STOCKER, TRUSTEE, APPELLEE, V. IOLA H.
CHURCH, APPELLANT:
GILBERT E. HANKS ET AL., APPELLEE.

FILED JUNE 12, 1925.  No. 24546.

1. **Bankruptcy: MORTGAGES: VALIDITY.** A mortgage executed and
delivered for a then present consideration, more than four
months before the mortgagor therein files his petition in bank-
ruptcy, and recorded within such four months, is not vulnerable
to attack as being void by the trustee in bankruptcy represent-
ing creditors not equipped with deed, mortgage, or other instru-
ment duly recorded prior to the recording of such mortgage,
under section 5612, Comp. St. 1922. Neither can such trustee
avoid it under section 60a of the federal bankruptcy act (32 U.
S. St. at Large, ch. 487, p. 799) as a preference, it not being
"required" to be recorded under our statute that it may be
valid.

2. ———: ———: **PRIORITY.** Mortgages executed and delivered
for a valuable consideration more than four months before the
mortgagor therein files his petition in bankruptcy, and recorded
within such four months, take precedence over a judgment lien,
with execution returned unsatisfied, created by the federal bank-
ruptcy act in the trustee in bankruptcy, which judgment lien
takes effect on the date of the filing of such petition.

3. **Evidence** examined, and *held* insufficient to support the judg-
ment, but to preponderate in favor of appellant.

APPEAL from the district court for Otoe county: JAMES
T. BEGLEY, JUDGE. *Reversed, with directions.*

*Burkett, Wilson, Brown & Wilson,* for appellant.

*Pitzer & Tyler, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, THOMPSON
and EVANS, JJ., and SHEPHERD, District Judge.

THOMPSON, J.

Albert E. Stocker, legally appointed and acting trustee
in bankruptcy of the estate of Gilbert E. Hanks, brought
this suit in the district court for Otoe county against Iola H.
Church, sister of Hanks, hereinafter called Mrs. Church,
Gilbert E. Hanks, the bankrupt, and his wife, Grace W.

Hanks, to cancel and set aside a mortgage executed and delivered to Mrs. Church by the Hanks in the amount of $35,480, covering 560 acres of land in Otoe county. The mortgage is dated June 21, 1921, and was recorded August 3, 1923.

At the hearing in this court the following suits were consolidated with this one: *Nebraska City Nat. Bank v. Hanks,* p. 645, *post,* in which Mrs. Church and her husband, Luther J. Church, as cross-petitioners, seek to foreclose a mortgage for $15,000 given to Mrs. Church by the Hanks, covering lands other than the 560 acres referred to above, dated May 6, 1921, and recorded August 3, 1923; and *United States Trust Co. v. Hanks,* p. 644, *post,* wherein Mrs. Church and her husband, Luther J. Church, again as cross-petitioners, seek to foreclose a mortgage in the amount of ·$15,000 given to Mrs. Church by the Hanks, covering lands other than the two tracts hereinbefore referred to, dated June 15, 1921, and recorded August 3, 1923, and also to foreclose a deed given by them to her, which was intended to be, and is, a mortgage, and will be so treated, in the amount of $18,966.28, covering the same land as that covered by the last-mentioned mortgage, dated November 1, 1921, and recorded August 3, 1923. Each instrument above mentioned was delivered to Mrs. Church on or about the date of its execution. The issues and evidence in each suit are the same as far as the matters involved herein are concerned, and will be considered and determined in this opinion.

The pleadings filed are somewhat voluminous and will not be set out at length. However, the trustee contends that, at the time these respective mortgages were given, Hanks was insolvent, which was known to Mrs. Church; that such insolvency continued until August 4, 1923, when Hanks was adjudicated a bankrupt; that, notwithstanding her knowledge of the insolvency, she intelligently and collusively withheld her mortgages from record until she learned that Hanks was contemplating bankruptcy, in pursuance of an agreement with Hanks whereby his credit

might be preserved; that these mortgages are instruments required by law to be recorded, and that their recordation within four months prior to the filing of the petition in bankruptcy constitutes a preference under section 60a of the federal bankruptcy act, regardless of the date of their execution and delivery.

These contentions of the trustee are denied by Mrs. Church, and she further alleges that these mortgages were given more than four months before the filing of the petition in bankruptcy, and for a then present and valid consideration, and that the same were recorded before the filing of the petition in bankruptcy. In each instance she prays a decree establishing her respective liens, and a foreclosure and sale as by law provided.

Upon the issues thus raised, trial had to the court. Decree entered finding that such mortgages are fraudulent as to creditors of the bankrupt, and are canceled and set aside, and foreclosure thereof denied. From these respective decrees, Mrs. Church appeals.

It will be seen that the trustee challenges these mortgages on the ground that they are void as to the creditors by him represented, under section 60a of the bankruptcy act, because recorded within four months before the filing of the petition in bankruptcy. Section 60a of such act is as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect * * * will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." 32 U. S. St. at Large, ch. 487, p. 799.

Thus, we must determine whether the mortgages in question were "required" to be recorded by our state law, so

that the failure to record them more than four months before the filing of the petition in bankruptcy gave rise to a preference in favor of Mrs. Church and against the challenging creditors, under the above section. By the provisions of section 5612, Comp. St. 1922, unrecorded deeds, mortgages and other instruments required to be recorded speak from their date and are not void as to all creditors, but to such creditors only whose deeds, mortgages and other instruments are recorded prior to the ones attacked. The creditors represented by the trustee were each without deed, mortgage or other instrument of record when the instruments in question were recorded, or at any time thereafter, hence such section cannot avail him or such creditors. Therefore, as these mortgages were not required to be recorded under our state law in order to be valid between the parties and as against these creditors, the recording thereof within four months before the petition in bankruptcy was filed did not create a preference under section 60a, *supra*. *Cary v. Donohue*, 240 U. S. 430.

The remaining question to be decided is whether or not these challenging creditors were misled to their pecuniary injury by reason of having extended credit to Hanks, while relying upon the then state of the record, and without knowledge of these mortgages to Mrs. Church. From a careful examination of the evidence in the light of the able briefs filed, we are convinced that each of the respective mortgages attacked by the trustee, including that of the deed which, as before mentioned, was at all times intended to be, and is, a mortgage, was given at a time when Hanks is not shown to have been insolvent, for a consideration passing from Mrs. Church to Hanks, consisting of previous debts due the former from the latter, as well as money advanced by Mrs. Church at the time, all of which went to the credit of Hanks, thus augmenting his estate rather than diminishing it. Neither were the mortgages kept from record with an intent on the part of Mrs. Church to mislead or defraud, nor in furtherance of any agreement or understanding so to do, and neither of the respective creditors

disclosed by the record was misled thereby.   Furthermore, she has met the burden cast upon her as to transactions between relatives, as well as that of removing the adverse presumptions arising from her failure to record these instruments before she did, by a preponderance of the evidence.

Thus, we are left with two innocent parties, namely, the trustee as a judgment creditor with execution returned unsatisfied, as provided in the bankruptcy act, simply holding a lien on the property in the land in Hanks at the time of the filing of the petition in bankruptcy, and Mrs. Church, with each of her mortgages recorded.   In *Minor Lumber Co. v. Thompson,* 91 Neb. 93, a similar situation presented itself, and we held:   "A prior unrecorded mortgage on real estate, made in good faith and for a valuable consideration, will take precedence of a title derived by virtue of a sale under attachment or execution, if such mortgage is placed on record before the sheriff's deed based upon such proceedings is recorded."   In the same opinion, following *Harral v. Gray,* 10 Neb. 186, and *Mahoney v. Salsbury,* 83 Neb. 488, we held that the same rule applies to a deed.   And the recording is the essential feature.   *Naudain v. Fullenwider,* 72 Neb. 221.

The equities are entirely with Mrs. Church.   The debts due her, as shown by these respective transactions, no one disputes.   She, with almost childlike faith and confidence, permitted certain of the creditors to place her money and securities where to them it was deemed to their best interests, and in most instances, if not all, to her own pecuniary disadvantage.   A further detail of the evidence, as well as of our reasons for the conclusion reached, would be without purpose.

As we view the records, the finding and judgment of the district court, as between the trustee and the creditors by him represented and Mrs. Church, as to each of these respective mortgages in the respective suits, should have been in favor of Mrs. Church and against the trustee, as prayed by her, and the court committed reversible error in not so finding and entering judgments.

The judgment of the district court in the instant case is reversed and set aside, and the suit remanded, with instructions to proceed in harmony with this opinion.

REVERSED.

Note—See Bankruptcy, 7 C. J. secs. 258, 283, 438.