WACHOB, BENDER & COMPANY, APPELLEE, v. OMAHA LIFE
INSURANCE COMPANY, APPELLANT.

FILED JANUARY 30, 1935. No. 29067.

*Brown, Fitch & West,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY,
JJ., and ELDRED, District Judge.

ELDRED, District Judge.

This is an action brought by Wachob, Bender & Company, plaintiff and appellee, a corporation engaged in dealing in municipal and corporate bonds, as owner, broker and agent for others, in the district court for Douglas county, against Omaha Life Insurance Company, a corporation, defendant and appellant, engaged in life insurance business, to recover damages for losses sustained on account of the failure of the defendant to take up and pay for certain bonds purchased by plaintiff as agent and broker for the defendant. The amended petition alleges that the plaintiff purchased for the defendant, at the defendant's request, certain school district bonds of the face value of $30,000; that the plaintiff, at the request of the defendant, advanced the funds for the purchase of said bonds, in the sum of $30,797.43, under the agreement that they would be taken up and paid for by the defendant within sixty days; that the defendant failing to take up said bonds, as agreed, plaintiff thereafter sold the same for the aggregate sum of $26,000, being the market price and the highest available price for said bonds; the plaintiff sustaining a loss by reason thereof in the sum of $4,797.43.

The answer of the defendant denied that E. M. Searle, Jr., president of the defendant company, by whom it is claimed the bonds were purchased for the defendant, had any authority to make such purchase, and, further, that the alleged contract sued upon was within the statute of frauds, and void.

For reply, plaintiff denied that it had any knowledge of lack of authority on the part of Searle to make such purchase, and by way of estoppel alleged that, during a period of more than four years prior to the transaction in question, said Searle had purchased, on the defendant's behalf, of the plaintiff, bonds to the total value of $150,000, and that it relied upon such previous transactions in accepting the order of Searle for the purchase of the bonds involved herein.

At the close of the trial the defendant moved the court

to discharge the jury and enter a judgment of dismissal. The jury were thereupon discharged, and the court later, to wit, August 23, 1933, entered a finding and judgment for the plaintiff against the defendant for $4,797.43. The motion for a new trial was overruled and the defendant appeals.

In support of its appeal, the appellant, by its brief, presents four propositions of law for consideration.

First, it is contended that the contract is void under the statute of frauds (Comp. St. 1929, sec. 69-404) relating to contracts to sell or a sale of any goods or choses in action of the value of $500 or upwards.

Plaintiff's cause of action is not founded upon a contract of purchase and sale; but the foundation of plaintiff's claim is that the plaintiff was employed by the defendant, as agent or broker, to purchase for the defendant certain school bonds of the face value of $30,000, and at defendant's request advanced the necessary funds for such purchase under the agreement with the defendant, that the defendant would take said bonds and pay for them within sixty days. The trial court made special findings, two of which are as follows:

"The court specifically finds that the plaintiff herein as the agent or broker of the defendant purchased for the defendant and at defendant's request the bonds described in plaintiff's petition, and that the plaintiff, at the request of the defendant, advanced the funds for the purchase of said bonds, under the agreement of the defendant to take them up and pay for them in sixty days.

"The court finds that the plaintiff was not the owner of said bonds at the time, but thereafter purchased them for and on behalf of the defendant from Wheelock & Company, the then owners of said bonds."

The contract for the bonds was made in the office of the president of the plaintiff company, the negotiations being carried on between Frank J. Bender, on behalf of the plaintiff, and E. M. Searle, Jr., president of the defendant company, on behalf of the defendant, but in the presence

of James T. Wachob. The testimony of Bender and Wachob substantiates the findings of the trial court. E. M. Searle, Jr., who participated in the transaction, on behalf of the defendant, did not testify.

After full examination of the record, this court concludes that the clear preponderance of the evidence sustains the findings of the trial court above set forth.

The plaintiff, as agent of the defendant, purchased, at defendant's request, the school bonds involved herein for the defendant; and at the request of the defendant advanced the funds necessary to pay the purchase price under the agreement that the bonds would be taken up and paid for within sixty days. This did not constitute a contract of sale between the plaintiff and defendant, but a contract of agency; and, in such case, the statute of frauds (Comp. St. 1929, sec. 69-404) is not applicable. *Wiger v. Carr,* 131 Wis. 584; *Hatch v. McBrien,* 83 Mich. 159; *Libaire v. Feinstein,* 231 N. Y. Supp. 3; *Campbell v. Willis,* 290 Fed. 271; *London v. Smith,* 101 S. Car. 340; *Mason v. Spiller,* 186 Mass. 346.

By appellant's proposition of law number three it is urged: "An agent authorized to purchase property for his principal must not, except with the principal's full knowledge and consent, purchase the property from himself either directly or indirectly; and in accordance with this rule an agent employed to purchase cannot, without the principal's full knowledge and consent, purchase the property for himself and then resell it to the principal at an advance."

Such proposition does not arise in this case. The evidence would not justify a finding that the agent purchased the property bought for the defendant from itself. The last paragraph of the special findings of the trial court, heretofore set forth, which we have found to be sustained by a preponderance of the evidence, disposes of this contention.

Proposition of law number two, of appellant, is based upon the provisions of section 44-314, Comp. St. 1929, providing: "No investment, sale or loan, except loans on

its own policies shall be made, which has not first been authorized by the board of directors, or by a committee thereof, charged with the duty of investing or loaning the funds of the company."

From the testimony of the secretary-treasurer of the Omaha Life Insurance Company it appears that the minute book of the company does not show any action taken by its board of directors with reference to the purchase of the bonds involved herein, and the minutes do not show that E. M. Searle, Jr., president, or any other person, was authorized to purchase those bonds on behalf of the defendant, nor that the board of directors at any time constituted a committee of one or more persons delegated with authority to make investments in bonds. Mr. Searle, the president, handled primarily bonds and investments. From the testimony of the secretary-treasurer it appears that the general procedure was that E. M. Searle, Jr., president of the company, was the active officer who did the negotiating for the bonds, and prices to be paid, and then submitted it to the board of directors.

It appears from the evidence that for a period of more than four years prior to the transaction in question, and on a number of occasions during that time, Searle had purchased of the plaintiff for defendant, or authorized the plaintiff to purchase for the defendant, bonds aggregating more than $140,000; many of the bonds were purchased and paid for before any action was taken by the board of directors; that all such transactions were had with E. M. Searle, Jr., president, and none with the board of directors; and the bonds were paid for by the check of the Omaha Life Insurance Company.

It is urged by plaintiff that the investment by defendant in the school district bonds was one authorized by the provisions of section 44-310, Comp. St. 1929, and that the failure of the defendant, in the making of investments, to follow section 44-314, Comp. St. 1929, was a mere irregularity which did not, under the circumstances in this case, render the transaction void, and that ordinary rules of estoppel should apply.

The statute relied upon by the defendant provides no penalty; hence, under the facts in this case, the contract was, at most, voidable and not void. *State v. Farmers State Bank,* 112 Neb. 597.

The contract for the purchase of the school bonds was one which the defendant could lawfully make under said section 44-310, providing: "The capital, surplus and other funds, or any part thereof, of every domestic insurance company may be invested as follows: * * * In legally executed bonds, warrants and securities of any county, incorporated city, or any school district in any state of the United States, or in legally executed bonds, warrants and securities of any municipality in the Dominion of Canada, which has not defaulted in the payment of interest on any of its bonds, warrants or securities within three years last past."

The evidence discloses that there never had been any default in the payment of interest on the bonds. So, the situation is, that the defendant had authority to enter into the contract, but it was exercised in an irregular manner.

There is a clear distinction between contracts outside of the powers conferred upon corporations, and contracts within the general scope of the power conferred, but which have been irregularly exercised.

It appears well settled that, "A corporate transaction which is within the corporate powers, which is neither wrong in itself nor against public policy, but which is defective from a failure to observe in its execution a requirement of law enacted for the benefit or protection of a certain class, is voidable only and is valid until avoided, not void until validated; the parties for whose benefit the requirement was enacted may ratify it or be estopped to assert its invalidity, and third persons acting in good faith are not usually affected by an irregularity on the part of the corporation in the exercise of its granted powers. Where the corporation has power to enter into the transaction, neither party to it, who has had the benefit of it, can set up as a defense that the legal formalities were not complied with or that the power was improperly

exercised. And the corporation will be estopped to deny that it did contract in the manner provided by statute as against other persons who have acted upon the assumption that the corporation has done what the law said it should do." 14-A C. J. 312. See *Westerlund v. Black Bear Mining Co.,* 203 Fed. 599, 612; *Eastman v. Parkinson,* 133 Wis. 375; *G. V. B. Mining Co. v. First Nat. Bank of Hailey,* 95 Fed. 23; *Johnston v. Milwaukee & Wyoming Investment Co.,* 46 Neb. 480.

Notwithstanding the minutes of the proceedings of the board of directors of the defendant do not show that any person or persons were ever appointed by the board of directors charged with the duty of investing or loaning the funds of the company, to all intents and purposes E. M. Searle, Jr., the president of the company, was recognized by the board of directors as a committee for that purpose. Plaintiff, through long-continued dealing with the defendant through said Searle, knew of the system of the company and relied thereon. The board of directors knowingly permitted Searle, its president, to perform the acts that would naturally devolve upon such committee. The board of directors having recognized the course of dealings of said Searle on behalf of the defendant in similar transactions with the plaintiff extending over a number of years, and the plaintiff having dealt with him in good faith and parted with value for the benefit of the defendant, the failure of the board of directors to have actually appointed the president of the company a committee for the purpose provided by section 44-314, Comp. St. 1929, does not make the transaction void but voidable only, and the rule of estoppel is applicable. The court holds that under the facts in this case the defendant is estopped from now contending, as against the plaintiff, that the transaction involved in the purchase of the bonds in question by E. M. Searle, Jr., its president, on defendant's behalf was unauthorized.

The defendant cites *Sturdevant Bros. & Co. v. Farmers & Merchants Bank of Rushville,* 69 Neb. 220, in support

of its fourth proposition of law: "The power of a corporation to make valid contracts is measured by its charter; and the scope of the authority of its officers and agents acting for it is limited, and a person dealing with such corporation is chargeable with notice of such limitations."

No issue is presented by the pleadings as to any limitation on the part of the officers of the company other than said section 44-314, and no evidence appears in the record as to the authority of the officers of the insurance company, as fixed by its charter and by-laws, other than said section 44-314. The question raised by this last assignment not being an issue herein, the authority cited in support thereof has no application.

The defendant having moved the court to discharge the jury, the findings made by the trial court are entitled to the same weight as the jury's verdict. On examination, the evidence is found to sustain the findings and judgment of the trial court. The judgment of the trial court is

AFFIRMED.