FRED L. BURKE, TRUSTEE IN BANKRUPTCY, APPELLANT, V. FRED FREDERICKSON ET AL., APPELLEES.

FILED JULY 14, 1936. No. 29673.

550

 

*E. H. Evans* and *Urban Simon*, for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

This is an action instituted by the plaintiff and appellant as trustee in bankruptcy of the Goodman-Buckley Company, a corporation, against the defendants and appellees Fred Frederickson, Ed Todenhoft and Hugo F. Todenhoft, the object and purpose of which is to set aside the transfer by assignment of a note and mortgage held by the bankrupt, the Goodman-Buckley Company, a corporation, to the defendants. The basis of the claimed right to set aside the transfer is the claim that it was made within less than four months before adjudication of bankruptcy and was therefore and thereby an unlawful preference within the meaning of the bankruptcy laws.

The facts as disclosed by the record, to the extent necessary to a determination of this case, are substantially as follows: In North Platte, Nebraska, in about the year 1920, the Goodman-Buckley Trust Company, a corporation, was organized under the banking laws of Nebraska. In 1930 Goodman-Buckley Company, a corporation, was organized, which corporation is the bankrupt for which the plaintiff herein is trustee. It was adjudicated a bankrupt November 18, 1933.

This corporation was organized for certain specific purposes, among which were the following:

"(a) To purchase or otherwise acquire, own, mortgage, pledge, sell, assign and transfer, or otherwise dispose of, to invest, trade, deal in and deal with real and personal property of every class and description and liens and mortgages thereof, of all kinds;

"(b) To issue bonds, debentures, participation certificates and obligations of this corporation from time to time, for any of the objects or purposes of the corporation and to secure the same by mortgage, pledge, deed of trust, or otherwise;

"(c) To lend and borrow money, with or without security, upon real and personal property of all kinds and to buy and sell notes, bonds, mortgages and other evidences of indebtedness of all kinds."

Prior to and at the time of the incorporation of the Goodman-Buckley Company, hereinafter referred to as the bankrupt, the defendants each had moneys on deposit with Goodman-Buckley Trust Company. After the incorporation of the bankrupt, each of them invested funds which had been on deposit with Goodman-Buckley Company in what the bankrupt chose to term "participation certificates." The participation certificates are, in terms, assignments of specific beneficial interests in real estate notes and mortgages with a description of the notes and mortgages contained in the assignments. By the terms of the assignments, the bankrupt held legal title to the notes and mortgages for the purpose of collection and distribution of proceeds. In the first certificates issued to defendants, the only description of notes and mortgages was by number. The participation certificates were all signed "Goodman-Buckley Company, by N. E. Buckley," whose full name is Newton E. Buckley. Newton E. Buckley was secretary and treasurer of the corporation and was in actual charge of its affairs and business.

Up to January, 1933, no certificate held by the defendant Ed Todenhoft had contained any description of mortgage except by number. The same situation was true as to certificates held by Hugo F. Todenhoft until January 25, 1933. Frederickson held one prior to October 1, 1932, which was taken up on that date and a new one issued containing a legal description of the lands covered by the mortgage.

On the 1st day of August, 1932, Harry C. McCann and Dedie McCann executed and delivered to the bankrupt their

note for $17,000, with interest coupons attached, which note was secured by mortgage on the south 53 feet of lots 7 and 8, block 68, Original Town of North Platte, Nebraska. A certificate was issued to Ed Todenhoft by the bankrupt and dated December 1, 1932, which assigned to him a $10,000 interest in this note and mortgage. A certificate was issued to Hugo F. Todenhoft on January 25, 1933, which assigned to him a $3,000 interest in the same note and mortgage. A certificate issued to Fred Frederickson on October .1, 1932, also assigned to him a $4,000 interest in this particular note and mortgage. None of the certificates were executed in such manner and form as to permit them to be recorded. No substitution was ever made for the Frederickson certificate and there never was a reformation of its form so as to admit it for recording. In September, 1933, the Ed Todenhoft certificate was acknowledged and on the 7th of that month was duly recorded. At about the same time the Hugo F. Todenhoft certificate was also acknowledged and duly placed of record.

On or about October 13, 1933, the defendants demanded and received from the bankrupt the McCann note and mortgage, which was the note and mortgage described in their certificates, together with a written assignment thereof, and they have since the said date retained actual possession of such note and mortgage. The certificates of the three defendants taken together are assignments of and consume the entire beneficial interest in this note and mortgage.

It is this transfer of the note and mortgage by the bankrupt to the defendants that plaintiff seeks to have set aside on the ground that it is a voidable preference under the bankruptcy laws, the transfer having been made within four months of the date Goodman-Buckley Company was adjudicated a bankrupt.

There can be no question, and none is raised, that there was a valid consideration for the certificates issued to the defendants in October, 1932, and in January, 1933. It then necessarily follows that, as between the parties, the trans-

action is valid and binding. The failure to record them or to leave them executed in such form as not to permit of recording could not affect the validity of the transaction. They were also valid under Nebraska recording acts, as against creditors not equipped with deed, mortgage or other instrument duly recorded or execution or attachment duly levied. *Stocker v. Church,* 113 Neb. 639, 204 N. W. 398; *Minor Lumber Co. v. Thompson,* 91 Neb. 93, 135 N. W. 429; *Harral v. Gray,* 10 Neb. 186, 4 N. W. 1040; *Mahoney v. Salsbury,* 83 Neb. 488, 120 N. W. 144; *Naudain v. Fullenwider,* 72 Neb. 221, 100 N. W. 296; *Forrester & Co. v. Kearney Nat. Bank,* 49 Neb. 655, 68 N. W. 1059; *Oleson v. Pumphrey,* 125 Neb. 708, 251 N. W. 828; *Carpenter Paper Co. v. News Publishing Co.,* 63 Neb. 59, 87 N. W. 1050; *Wilson v. Lewis,* 63 Neb. 617, 88 N. W. 690; *Folsom v. Peru Plow & Implement Co.,* 69 Neb. 316, 95 N. W. 635; *Rankin v. Cox,* 71 Fed. (2d) 56.

If the assignments were valid under the recording acts of the state of Nebraska, then they were valid everywhere and binding for all purposes, since in passing upon the effect of the failure to record the assignment of a mortgage or other instrument required or permitted to be recorded under the laws of the state where the recording is required or permitted, the laws of the state are controlling. *Sapero v. Neiswender,* 23 Fed. (2d) 403; *Firestone Tire & Rubber Co. v. Cross,* 17 Fed. (2d) 417; *Bryant v. Swofford Bros. Dry Goods Co.,* 214 U. S. 279; *Holt v. Crucible Steel Co.,* 224 U. S. 262; *Martin v. Commercial Nat. Bank,* 245 U. S. 513; *Carey v. Donohue,* 240 U. S. 430.

The plaintiff contends, as against this, that in the issuance of the certificates there was not an assignment of beneficial interests in the note and mortgage but only a pledge for the repayment of moneys invested. This contention we cannot accept in the light of the plain terms of the instruments themselves and the absence of other evidence in the record showing an intention of the parties contrary to that expressed in the certificates.

We must therefore conclude that the beneficial interests

of the defendants in the note and mortgage in question were complete and absolute from and after the dates when they received their certificates containing the legal descrip-- tion of the real estate covered by the mortgage, and that from those dates until the assignment and delivery of the note and mortgage to the defendants the bankrupt held the bare legal title thereto in trust for the use and benefit of the defendants for the purpose of collection and distribution of the proceeds. Those dates were eight months and more before the Goodman-Buckley Company was adjudicated a bankrupt.

Under the laws of Nebraska, recording of the certificates issued by the bankrupt to defendants was not a prerequisite to the validity of the transfer of the property described in such certificates and therefore is not a voidable preference under sections 60a and 60b of the federal bankruptcy act, as amended, unless the amendment to section 60a by addi- tion of the words "or permitted" makes it so.

It is a well-settled rule that the amendment of 1926 to section 60a of the bankruptcy act by adding the words "or permitted" did not in any manner affect section 60b, and that a conveyance or transfer by mortgage or otherwise, more than four months before bankruptcy, for a valuable consideration, without knowledge of insolvency or facts justifying a belief that such transfer would constitute a preference, but recorded within four months and not fraud- ulently withheld from record, is valid as against the trustee in bankruptcy and cannot be voided. 4 Remington, Bank- ruptcy (4th ed.) sec. 1790; *First Nat. Bank v. Live Stock Nat. Bank,* 31 Fed. (2d) 416; *In re Cunningham,* 64 Fed. (2d) 296. We must therefore conclude that the amendment to section 60a of the words "or permitted" does not render the transfer in question in this case a voidable or illegal preference.

The record shows conclusively that the transactions at the time of the procurement of the certificates, at least on the part of the defendants, were in perfect good faith. It also shows without substantial contradiction that they had

no knowledge or information such as would justify inquiry as to insolvency of the bankrupt until a considerable period of time after receipt of the certificates. After becoming acquainted with the insolvency, the defendants, by assignment and actual delivery, obtained from the bankrupt the note and mortgage described in their certificates. On October 14, 1933, which was about 35 days before the bankruptcy adjudication, this assignment was duly and regularly recorded. They thus acquired the legal title in addition to the beneficial interest previously held by them.

There is another reason why the trustee should not be permitted to recover in this action. Under the specific terms of the certificates in question and the undisputed evidence in the case, the bankrupt held the naked legal title in trust for the defendants. In such case, even without any recording at all, the trustee of the bankrupt would not be entitled to recover from the defendants for the benefit of general creditors of the bankrupt. Section 47a (2) Bankruptcy Act, as amended, 11 U. S. C. A., sec. 75 (a) 2; section 70, Bankruptcy Act, as amended, 11 U. S. C. A., sec. 110; 4 Remington, Bankruptcy (4th ed.) sec. 1418, 50; *Lowell v. International Trust Co.,* 158 Fed. 781; *In re Coffin,* 152 Fed. 381; *City Nat. Bank v. Slocum,* 272 Fed. 11; *Sapero v. Neiswender,* 23 Fed. (2d) 403; *Strongin v. International Acceptance Bank,* 70 Fed. (2d) 248; *United States Nat. Bank v. Blauner's Affiliated Stores, Inc.,* 75 Fed. (2d) 826; *In re Bell Motor Co.,* 45 Fed. (2d) 19; *Laugharn v. Welch,* 28 Fed. (2d) 866; *Hart v. Ronan,* 58 N. Dak. 516, 226 N. W. 620.

If, however, the trustee represents or is entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while the same was unrecorded and within four months of the adjudication in bankruptcy, then the foregoing rule does not apply, but in this case no such right exists. *Stocker v. Church,* 113 Neb. 639, 204 N. W. 398; *Martin v. Commercial Nat. Bank,* 245 U. S. 513; *Carey v. Donohue,* 240 U. S. 430; *First Nat. Bank v. Live Stock Nat. Bank,* 31 Fed. (2d) 416; 4 Rem-

ington, Bankruptcy (4th ed.) sec. 1793; *In re Perelstine,* 19 Fed. (2d) 408; *Burrowes v. Nimocks,* 35 Fed. (2d) 152; *Finance & Guaranty Co. v. Oppenhimer,* 276 U. S. 10.

But one question remains for consideration. All of the transactions in question were carried on by Newton E. Buckley. All instruments were signed the corporation, by "N. E. Buckley." On this point and for this reason we have set forth, in part, the purpose of the corporation and functions to be performed. In the light of their broad nature which contemplates the character of business involved in this action and which, of necessity, must be transacted by agents, and coupling this with the fact that Newton E. Buckley was indisputably a managing officer of the bankrupt, we hold that the contention that he was without power to bind the corporation in the premises is without merit.

This court has repeatedly held that a corporation will be estopped to deny the authority of its managing agent to dispose of the property of the corporation in cases where such agent, with the consent of the board of directors, is in sole charge of its property and business and is permitted in regular course to carry on the business for which the corporation was organized. *Wachob, Bender & Co. v. Omaha Life Ins. Co.,* 128 Neb. 320, 258 N. W. 657; *Fremont Nat. Bank v. Ferguson & Co.,* 127 Neb. 307, 255 N. W. 39; *Monarch Portland Cement Co. v. Creedon & Sons,* 94 Neb. 185, 142 N. W. 906; *Barber v. Stromberg-Carlson Telephone Mfg. Co.,* 81 Neb. 517, 116 N. W. 157.

We conclude, for the foregoing reasons, that the decision of the district court was correct and should be affirmed.

AFFIRMED.