CHARLES HARRAL AND GEORGE P. UHL, PLAINTIFFS IN ERROR, v. ELI GRAY, DEFENDANT IN ERROR.

1. **Pleading:** PETITION: ACTION QUIA TIMET. The main facts stated in a petition being sufficient on which to found either an action *quia timet* or an action of ejectment, resort may be had to the prayer to determine the true character of the action.

2. **Equity Jurisdiction:** CLOUD UPON TITLE. By statute [Gen. Stat., 882], and even without it, a court of equity has jurisdiction to set aside a fraudulent conveyance constituting a cloud upon plaintiff's title to real estate owned by him, though not in his actual possession.

3. ———: ———: TRIAL. And in such case the defendants are not entitled to two trials, nor to a trial by jury, though the court may submit special facts to a jury.

4. **Error without Prejudice.** Although error may be committed by the trial court, in refusing to strike out of a pleading irrelevant or redundant matter, yet the judgment will not be reversed where it is apparent, upon a general review of the whole case, that no material injury has resulted from such error.

5. **Practice.** If a defendant, after the overruling of a demurrer, answer to the merits, he thereby waives his exception to the ruling on such demurrer.

6. **Priority of Liens.** A prior unrecorded deed, passing the legal title, made in good faith and for a valuable consideration, will take precedence of an attachment or judgment, if such deed be recorded before any deed based upon such attachment or judgment.

ERROR to the district court of Richardson county. Tried below before WEAVER, J.

*Uhl & Scott,* for plaintiff in error.

*Schoenheit & Thomas,* for defendant in error.

COBB, J.

This is an action to remove a cloud from the plaintiff's title to a tract of land. The cloud consists of an

attachment levied on the land, and a judgment rendered against one Allen Gaskill, plaintiff's grantor, and a sheriff's deed made to one of the defendants on a sale upon execution issued on the said judgment. The deed from Allen Gaskill to the plaintiff was executed the fifteenth December, 1874, in Cumberland county, Illinois, acknowledged before a notary public. The land was attached the twenty-seventh January, 1875. Deed recorded May 27, 1875. The sheriff's deed to defendant, George P. Uhl, was recorded September 19, 1877.

There is a great deal in the record of this case on either side which tends to obscure rather than illuminate the points in the case as I understand them. The plaintiffs in error contend that the petition sets forth a cause of action at law, and not a case for equitable relief. That, as I view it, depends upon the object which the plaintiff (defendant in error) seeks to accomplish by the action, or rather, the main facts being sufficient on which to found either an action of ejectment or an equitable or *quia timet* action, and there being much in the petition which ought not to be there for either purpose, we may look to the prayer for a key to the true character of the action.

The prayer of the petition does not include the possession of the land, nor does the decree which it is sought to reverse affect the possession of the land in any manner whatever. So this is not an action of ejectment, because although the plaintiff may obtain all that he seeks in this action, then, unless the defendant Harrall voluntarily relinquishes the possession, it will require an action of ejectment to dispossess him. Again, were this an action of ejectment, while, if the defendant's possession is fraudulent, that could probably be shown in such action so as to disarm the defense and enable the plaintiff to obtain the possession, yet

it would not remove the muniments of such fraudulent title ; and so, to render his title clear and marketable, the plaintiff would still have to bring a suit in equity, and go over the same ground which he has covered in this case.

I have no doubt of the power of a court of chancery, independent of our statute, to entertain jurisdiction of a cause brought to set aside a fraudulent conveyance constituting a cloud upon the plaintiff's title to real estate owned by him, though not in his actual possession. *Bunce v. Gallagher*, 5 Blatch., 481. *Ward v. Dewey*, 16 N. Y., 519. But were this even doubted it would be set at rest by the statute. Gen. Stat., p. 882.

This, then, being a proper case for equitable jurisdiction, the defendants were not entitled to two trials, nor to a general jury trial, and the several questions of fact were properly submitted to the jury, and I think fairly submitted by the court, and that there is evidence to sustain each of such findings.

In the district court the defendants (plaintiffs in error) moved to strike out a portion of the plaintiff's petition, for several stated reasons.    While there can be no doubt that there was much in the petition that ought not to have been there, and ought to have been stricken out, yet I do not think that the redundant matter was such as to render its retention in the petition sufficient matter of prejudice to defendants to justify a reversal on that ground when, upon a general review of the whole case, it is apparent that no substantial injury has resulted from such error.

The second error assigned is that the court erred in overruling the demurrer to the petition filed in the cause.    The defendants, after the overruling of the demurrer, answered to the merits, and thereby waived this exception. *Farrar & Wheeler v. Triplett*, 7 Neb., 237.

The fifth error assigned—that the court erred in submitting special facts to the jury—as I have intimated in the fore part of this opinion, is not well taken. I understand the law to be that in an equity case, when questions of fact are necessary to be determined, whether such questions of fact be put in issue by the pleadings or not, the same may be tried by a jury. Gen. Stat., 524, sec. 4.

The other errors assigned are too general in their character to require special notice.

This case turns mainly on the points submitted to the jury, and which they found for the plaintiff, the affirmative of which may be stated thus: That before the twenty-seventh day of January, 1875—the date of defendant Uhl's attachment lien—Allen Gaskill had in good faith for a valuable consideration executed and delivered to the plaintiff a deed for the premises in controversy. This brings the case quite within the holding of this court in *Mansfield v. Gregory*, 8 Neb., 432. Under that decision it may be considered settled—if, indeed, the courts of the country had not long since settled it—that a prior unrecorded deed, made and delivered in good faith for a valuable consideration, so as to pass title in law, will take precedence of an attachment or judgment, provided such first-mentioned deed be recorded before any deed to the premises be recorded, which is based upon such attachment or judgment.

The plaintiff in error, Uhl, had proceeded against the land of Gaskill, his non-resident debtor, for the purpose of securing and realizing his claim. After the levy of his attachment, but before judgment, this deed from Gaskill to Gray appears upon the records.

As the law charges the parties with notice of this deed as soon as it was recorded, I will assume that Mr. Uhl knew of it then or soon afterwards. Look-

ing at his answer in the case we assume that he had some evidence to satisfy his own mind that this deed was not made in good faith, and perhaps had no existence at the date of his attachment lien, but was the result of a conspiracy, and an after-thought on the part of Gaskill and Gray, and he elected to treat this deed as a nullity, go on and perfect his own title as far as possible, and thus put himself upon a footing to try the legality of the proceedings of his opponents.  This he had a right to do and has done with unusual spirit and ability.  But upon the controlling facts in the case the jury were against him, and after a careful examination of the record I find no error which can avail the plaintiffs in error in this court.

Therefore the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.