VON TOBEL, RESPONDENT, *v.* CITY OF LEWISTOWN, APPELLANT.

(No. 2,818.)

(Submitted April 9, 1910.   Decided April 28, 1910.)

[108 Pac. 910.]

*Cities and Towns—Streets—Dedication—Estoppel in Pais.*

1. Where defendant city had for more than twenty years permitted plaintiff to remain in undisturbed possession of, and put permanent improvements upon, a piece of land, after an alleged dedication of a portion thereof for street purposes, and great injury would result to plaintiff's premises from the opening of a street through them, the doctrine of estoppel *in pais* is applicable, and the city may not be heard to assert its right to devote to public use, without compensation to the owner, the portion of the property desired for street purposes.

*Appeal from District Court, Fergus County; Frank Henry, Judge of the Sixth Judicial District, presiding.*

SUIT by Rudolf Von Tobel to enjoin the city of Lewistown from taking a portion of plaintiff's property for street purposes. From a decree for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

In behalf of Appellant, there was a brief and oral argument by *Mr. Wm. M. Blackford.*

"Dedication is the act of devoting or giving property for some proper public object, in such manner as to conclude the

owner." (5 Am. & Eng. Ency, of Law, 1st ed., 395.) A road or street which is a mere *cul de sac* may be dedicated to the public use in the same manner as a thoroughfare. (*Stone* v. *Brooks,* 35 Cal. 489, 498; *Smith* v. *City of San Luis Obispo,* 95 Cal. 467, 30 Pac. 591; *People* v. *Kingman,* 24 N. Y. 559; *Sheafe* v. *People,* 87 Ill. 189, 29 Am. Rep. 49; *Greene* v. *O'Connor,* 18 R. I. 56, 25 Atl. 602, 19 L. R. A. 262; *Schatz* v. *Pfeil,* 56 Wis. 429, 14 N. W. 628; *Cemetery Assn.* v. *Meninger,* 14 Kan. 312; *Masters* v. *McHolland,* 12 Kan. 17.) The 1884 plat substantially complied with the provisions of the law of this state then in force. It contained the proper certificate of dedication, signed by the proprietors of the ground platted, and was duly acknowledged and certified, and as such was entitled to be recorded. (*London & San Francisco Bank* v. *City of Oakland,* 90 Fed. 696, 33 C. C. A. 237.) It contained the names of the streets, and the width of all streets and alleys was given according to the surveyor's scale of one hundred feet to the inch. If there is enough appearing on the face of the plat to determine the width of the streets and alleys, it is sufficient. Surveyors' terms are sufficient to indicate the width of streets and alleys. (*Town of Lake View* v. *LeBahn,* 120 Ill. 92, 9 N. E. 272; *Taraldson* v. *Town of Lime Springs,* 92 Iowa, 187, 60 N. W. 658.) By reference to the plat in the deed to plaintiff, his grantors adopted it, and he, claiming under such deed, is held and bound by it. By reference, they made it a part of said deed. (*London & San Francisco Bank* v. *City of Oakland,* 90 Fed. 691, 697, 33 C. C. A. 237; *Meier* v. *Portland C. Ry. Co.,* 16 Or. 500, 19 Pac. 610, 612, 1 L. R. A. 856; *Town of Derby* v. *Alling,* 40 Conn. 410; *Giffen* v. *City of Olathe,* 44 Kan. 342, 24 Pac. 470; *Boise City* v. *Hon,* 14 Idaho, 272, 94 Pac. 167, 170.)

Substantially all of the decided cases, whether based upon strict or liberal construction of what constitutes a dedication, show beyond controversy that the facts proven in this case are eminently sufficient to show a complete dedication of the streets and alleys within the boundaries of the lands de-

scribed in the complaint. We cite below a few of the many leading cases upon this question: *Shea* v. *City of Ottumwa,* 67 Iowa, 39, 24 N. W. 582; *Meier* v. *Portland C. Ry. Co.,* 16 Or. 500, 19 Pac. 610, 1 L. R. A. 856; *London & San Francisco Bank* v. *City of Oakland,* 86 Fed. 30, 90 Fed. 691, 33 C. C. A. 237; *Russell* v. *City of Lincoln,* 200 Ill. 511, 65 N. E. 1089; *Giffen* v. *City of Olathe,* 44 Kan. 342, 24 Pac. 470; *Heitz* v. *City of St. Louis,* 110 Mo. 618, 19 S. W. 735; *Maywood Co.* v. *Village of Maywood,* 116 Ill. 61, 6 N. E. 866; *Harn* v. *Common Council of Dadeville,* 100 Ala. 199, 14 South. 9; *Archer* v. *Salinas City,* 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145; *Rhodes* v. *Town of Brightwood,* 145 Ind. 21, 43 N. E. 942; *Boise City* v. *Hon,* 14 Idaho, 272, 94 Pac. 167; *Attorney General* v. *Tarr,* 148 Mass. 309, 19 N. E. 358, 2 L. R. A. 87.

Upon the question that a municipality is not obliged to signify its acceptance of a dedication of a street until it is required for use and that acceptance is in time, if made before the offer to dedicate is withdrawn, the following cases are in point: *London & San Francisco Bank* v. *City of Oakland, supra; Coffin* v. *City of Portland,* 27 Fed. 412; *City of Ashland* v. *Chicago & N. W. Ry. Co.,* 105 Wis. 398, 80 N. W. 1101; *Giffen* v. *City of Olathe,* 44 Kan. 342, 24 Pac. 470; *Russell* v. *City of Lincoln,* 200 Ill. 511, 65 N. E. 1088; Elliott on Roads and Streets, p. 89; *Boise City* v. *Hon,* 14 Idaho, 272, 94 Pac. 167; *Harn* v. *Common Council of Dadeville,* 100 Ala. 199, 14 South. 9; *Meier* v. *Portland C. Ry. Co.,* 16 Or. 500, 19 Pac. 610, 1 L. R. A. 856; *Attorney General ex rel. Adams* v. *Tarr,* 148 Mass. 309, 19 N. E. 358, 2 L. R. A. 87; *Town of Derby* v. *Alling,* 40 Conn. 410, 432; *Heitz* v. *City of St. Louis,* 110 Mo. 618, 19 S. W. 736; *Taraldson* v. *Town of Lime Springs,* 92 Iowa, 187, 60 N. W. 658; *Flersheim* v. *Mayor,* 85 Md. 489, 36 Atl. 1098; 2 Abbott's Municipal Corporations, sec. 737, and authorities.

That opening and improving a part of a street is an acceptance of the entire street, see the following authorities: *Town of Derby* v. *Alling, supra; London & San Francisco Bank* v. *City of Oakland, supra; Town of Lakeview,* v. *LeBahn,* 120 Ill. 92,

9 N. E. 269; *Attorney General* v. *Tarr,* 148 Mass. 309, 19 N. E. 358, 2 L. R. A. 87; *City of Ashland* v. *Chicago & N. W. Ry. Co.,* 105 Wis. 398, 80 N. W. 1101; *Heitz* v. *City of St. Louis,* 110 Mo. 618, 19 S. W. 735; *Giffen* v. *City of Olathe,* 44 Kan. 342, 24 Pac. 470.

Occupation by a private individual for the following periods of time, after the making of the plat and dedication of a street or highway before any attempt was made to open and use it as a street or highway, has been held not to show laches on the part of the city or town, or an abandonment of the right of the public to its use: Forty-three years, in *City of Racine* v. *Chicago & N. W. Ry. Co.,* 92 Wis. 118, 65 N. W. 857; *London & S. F. Bank* v. *City, supra;* thirty years, in *Shea* v. *City of Ottumwa,* 67 Iowa, 39, 24 N. W. 582; twenty-six years, in *Boise City* v. *Hon, supra;* twenty-three years, in *Mayor of Baltimore* v. *Frick,* 82 Md. 77, 33 Atl. 435; *Flersheim* v. *Mayor,* 85 Md. 489, 36 Atl. 1098; fifteen years, in *Giffen* v. *City of Olathe, supra;* thirty-one years, in *Russell* v. *City of Lincoln, supra.*

The statute of limitations of this state, so far as it affects this action, if at all, is the same as that of California. There no one can acquire by adverse possession, as against the public, the right to obstruct a street dedicated to public use, and thus prevent the use of it as a public highway. (See *London & San Francisco Bank* v. *City of Oakland, supra; Russell* v. *City of Lincoln,* 200 Ill. 511, 65 N. E. 1088; *Taraldson* v. *Town of Lime Springs,* 92 Iowa, 187, 60 N. W. 658; *Harn* v. *Common Council of Dadeville,* 100 Ala. 199, 14 South. 9; *Mayor of Baltimore* v. *Frick, supra; Walker* v. *Caywood,* 31 N. Y. 51; *Grogan* v. *Town of Haywood,* 4 Fed. 161, 6 Saw. 498; Elliott on Roads and Streets, 2d ed., sec. 882 *et seq.*)

*Mr. O. W. Belden,* and *Mr. Rudolf Von Tobel,* filed a brief in behalf of Respondent; oral argument by both.

Both in the answer and at the trial of the case, appellant expressly disclaimed any right to rely upon either the 1882 plat or the 1890 plat as constituting a statutory dedication, but relied upon a common-law dedication of the ground in con-

troversy. To constitute a dedication at common law, there must be both an intention to dedicate by the owner and an acceptance of the dedication by the public. (*Spalding* v. *Bradley,* 79 Cal. 449, 22 Pac. 47; *Helm* v. *McClure,* 107 Cal. 199, 40 Pac. 437; *People* v. *Jones,* 6 Mich. 182; see extensive note in 57 Am. St. Rep. 753, "Acceptance.") Filing a map and having the same recorded is a mere offer of dedication and is revocable until accepted. (*Hayward* v. *Manzer,* 70 Cal. 476, 13 Pac. 141; *People* v. *Reed,* 81 Cal. 70, 15 Am. St. Rep. 22, 22 Pac. 474; *Phillips* v. *Day,* 82 Cal. 30, 22 Pac. 976.) An acceptance by the public must be made within a reasonable time, or it will be presumed to be revoked. (*People* v. *Reed,* 81 Cal. 70, 15 Am. St. Rep. 22, 22 Pac. 474; *Hayward* v. *Manzer,* 70 Cal. 476, 13 Pac. 141; *State* v. *Trask,* 6 Vt. 355, 27 Am. Dec. 554; *Field* v. *Manchester,* 32 Mich. 279; Dillon on Municipal Corporations, 4th ed., sec. 632; *Wolfskill* v. *Los Angeles Co.,* 86 Cal. 405, 24 Pac. 1094; *San Francisco* v. *Canavan,* 42 Cal. 541; *Archer* v. *Salinas City,* 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145; *City of Denver* v. *R. R. Cos.,* 17 Colo. 584, 31 Pac. 338.) It has been held that a failure to accept within a certain specified time is an abandonment of the offer. (See *Gardiner* v. *Tisdale,* 2 Wis. 253, 60 Am. Dec. 418; *Forsyth* v. *Dunnagan,* 94 Cal. 438, 29 Pac. 770 (nonacceptance for a period of nine years); *Orr* v. *O'Brien,* 77 Iowa, 253, 14 Am. St. Rep. 277, 42 N. W. 183.)

There are many cases which hold that the statute of limitations runs against a municipality the same as against an individual. However, the legislature of Montana has seen fit to enact a statute of limitations running against the state and, *ipso facto,* against every portion of the state (Revised Codes, sec. 6429), which, we maintain, applies to the present case.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was brought to obtain an injunction restraining the city of Lewiston from opening or attempting to open a public

street through certain premises claimed by the plaintiff. The plaintiff alleges that he is, and for more than twenty years last past has been continuously, the owner and in possession of certain lands situated within the corporate limits of the city of Lewistown (then follows a description by metes and bounds); that Third avenue in said city abuts on his property, and that about August 16, 1907, the city, without any right and against the will of the plaintiff, tore down his fence inclosing his property and threatens to, and, unless restrained, will, open and extend Third avenue through his property for a distance of about three hundred feet. The answer admits that defendant tore down plaintiff's fence, that unless restrained it will open and extend Third avenue through his premises; but denies that in so doing it has acted or will act wrongfully. The answer then contains new matter by way of defense, to the effect that in 1882 Francis A. Janeaux and wife were the owners of the S. W. ¼ of the N. E. ¼ of section 15, township 15 N., range 18 E., in Meagher (now Fergus) county; that they then caused a portion of said land to be surveyed and platted as a townsite, and a plat thereof to be duly filed in the office of the county clerk and recorder; that one of the avenues surveyed, stak·' out, and made to appear on said plat was and is the Third avenue mentioned above; that thereafter, in 1884, the said Janeaux and wife again caused the said lands to be surveyed, staked out, marked and platted, and a plat thereof to be filed in the office of the county clerk and recorder; but, by mistake, the plat and indorsements thereon made it appear that the land so surveyed and platted was the S. W. ¼ of the N. W. ¼ of said section 15, whereas it was intended to represent the S. W. ¼ of the N. E ¼ of said section; that thereafter, on August 20, 1890, for the purpose of correcting the erroneous description, an amended map or plat was filed; that in making the surveys, marking and designating the lots, blocks, streets, avenues, and alleys, and in filing the plats, it was the intention of the owners to "devote, remise, grant, quitclaim, convey and dedicate the streets, avenues and alleys thus staked off, laid out, marked,

and designated to the public for its use and benefit forever.''
It is then alleged that in 1886 the plaintiff purchased from
Francis A. Janeaux and wife the land now claimed by him, and
received a deed therefor which described the land by metes and
bounds, which description concludes: ''Except the streets and
alleys contained thereon.'' It is further alleged that within the
exterior boundaries as given in the deed above there was a por-
tion of Third avenue, a .portion of Water street, and a portion
of the alley which passes through block S22, and that the re-
spective portions of said avenue, street, and alley were expressly
excepted from the grant contained in the deed to plaintiff. It
is then alleged that the public accepted the dedication of the
streets, avenues and alleys, and, as rapidly as the same could
be, they were improved and used by the public. Most of these
affirmative allegations were put in issue by reply. There is in
the reply also a plea of the bar of the statute of limitations,
a plea of estoppel *in pais,* and an attempt to plead title by ad-
verse possession. The trial court found in favor of plaintiff
on his plea of adverse possession, and further found that the
evidence was not sufficient to show that any of that portion of
Third avenue in question had ever been dedicated to the public
as a street, highway or otherwise. From the findings made the
court concluded that the acts of the defendant city in attempt-
ing to extend Third avenue through plaintiff's property were
wrongful, and that plaintiff was entitled to a permanent in-
junction restraining the city from further interfering with his
possession of that particular portion of his property. From the
decree entered in favor of plaintiff and from an order denying
it a new trial, the city appeals.

Much of the argument of counsel for the respective parties
is devoted to a consideration of two questions: (1) What is
necessary to constitute a valid and effective dedication of a
street; and (2) does the statute of limitations run against a
municipal corporation with respect to property held in trust
for the public use? While a discussion of these questions would
involve many interesting legal propositions, we do not deem it

necessary to consider either of them to any great extent. This is a suit in equity, and the evidence is all before us. It therefore devolves upon us to make such disposition of the questions involved as the exigency of this particular case requires.

The record discloses that in 1882 Janeaux and wife filed the first plat of the original townsite of Lewistown. At that time there was not any statute authorizing such procedure. Therefore the acts done by the owners of the property in that year could not amount to a statutory dedication of the streets, avenues and alleys; furthermore, the 1882 plat does not embrace the premises now in controversy, and, so far as this case is concerned, all evidence touching that survey and the proceedings had thereon is of little or no value. In 1884, after the passage · and approval of the Act of February 19, 1883, authorizing the laying out of townsites on private property, Janeaux and wife caused a portion of forty acres to be surveyed, staked out, and platted, and a plat thereof to be filed with the county clerk and recorder, but by a mistake that plat and indorsements thereon are made to describe and represent land a quarter of a mile away from the original townsite of Lewistown. In several minor particulars the proceedings taken at that time did not conform to the statutory requirements. This, then, was the condition of affairs when, in 1886, this plaintiff purchased the land now claimed by him, went into possession, and commenced improving the same. In 1890 the mistake in the 1884 plat was discovered, and an attempt was made by the administratrix of the Janeaux estate to correct the same by having another plat filed; but the evidence fails to show that any authority was sought or obtained from the probate court for the proceedings taken. From the evidence presented in this record we are left somewhat in doubt as to whether Third avenue, where it passes through the property claimed by plaintiff, was ever actually surveyed. McFarland, who made the survey for Janeaux and prepared the 1884 and 1890 plats, testified that he could not remember whether he established the corners along that portion of Third avenue. But these facts are

recited only for the purpose of showing that at the time plaintiff purchased the property, and went into possession of it, it was at least doubtful whether any attempt had been made to dedicate that portion of Third avenue to the public use. In view of these conditions, and the fact of the proximity of this property to the business center of the city; the fact that Third avenue, before it reaches the boundaries of plaintiff's property, has been during all these years practically cut off and terminated by a creek and slough, and that it will require great expenditure of time and money to improve it; the further fact that there is some evidence that the survey of the original townsite did not extend to the east line of the forty-acre tract, and therefore the city would be without authority to connect this avenue with any other street or alley, or, to speak more accurately, would be confronted with a strip of land from thirty to thirty-five feet in width, extending diagonally across this avenue, to which strip of land the plaintiff appears to have a good title—all lead us to entertain a serious doubt whether the city ever intended to assert any claim to this particular portion of Third avenue, so called, until this controversy arose. And in view of the fact that for more than twenty years the city has lain by and without objection has permitted plaintiff to occupy this portion of the so-called Third avenue and at considerable expense to place permanent improvements thereon, and the fact that the plaintiff must sustain great injury in having a portion of his premises segregated from the rest, by the opening of this avenue, that he would be compelled to remove his barn and other outbuildings, and would suffer his trees, vines and shrubbery to be destroyed, it would seem extremely inequitable for the city at this late date to assert its right to devote to public use, without compensation to the plaintiff, a portion of this property which he has so long claimed and the undisputed possession of which he has so long enjoyed. Under these circumstances, we think the city should be, and is, estopped to assert the claim which it now makes.

In 2 Dillon on Municipal Corporations, fourth edition, section 675, it is said: "The author cannot assent to the doctrine that,

as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an estoppel *in pais* as applicable to exceptional cases, since this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case, to hold the public estopped or not, as right and justice may require." Acting upon the doctrine of this text, the courts have repeatedly applied to municipal corporations the doctrine of equitable estoppel, and we think it peculiarly applicable here. (*John Mouat Lumber Co.* v. *City of Denver*, 21 Colo. 1, 40 Pac. 237; *Baldwin* v. *Trimble*, 85 Md. 396, 37 Atl. 176, 36 L. R. A. 489; *Orr* v. *O'Brien*, 77 Iowa, 253, 14 Am. St. Rep. 277, and note, 42 N. W. 183; *Chicago & N. W. Ry. Co.* v. *People ex rel. Elgin*, 91 Ill. 251; *Piatt County* v. *Goodell*, 97 Ill. 84; *Hamilton* v. *State*, 106 Ind. 361, 7 N. E. 9; *Paine Lumber Co.* v. *Oshkosh*, 89 Wis. 449, 61 N. W. 1108.)

Without determining whether the trial court was correct upon the theory which it adopted, we approve the result, but prefer resting our decision upon the application of the doctrine of estoppel *in pais.* The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.