## ROHRBAUGH v. MOKLER.

(No. 956; Decided March 29, 1920; 188 Pac. 448.)

DEDICATION—EVIDENCE INSUFFICIENT TO ESTABLISH—CONTRACTS—PRACTICAL CONSTRUCTION BY PARTIES—ESTOPPEL—CITY HELD ESTOPPED TO DENY VACATION—EQUITABLE ESTOPPEL—STATUTE OF FRAUDS—CITY CANNOT ATTACK ORAL CONTRACT BETWEEN PRIVATE PARTIES—RIGHTS ACQUIRED BY EXECUTED ORAL CONTRACT ARE NOT AFFECTED BY STATUTE OF FRAUDS—EVIDENCE—PROCEEDINGS OF A CITY COUNCIL NOT RECORDED MAY BE PROVED BY PAROL.

1. Where a town plat showed a triangular piece of land at the intersection of three streets, not numbered or in. any way designated as a street, alley, or public ground, and the town had never attempted to exercise ownership over it, and had recognized a claim of private ownership, the evidence does not establish a dedication to the public.

2. Where the meaning of a contract or other written instrument is doubtful on its face, the practical construction put on it by the parties has great weight, especially where they have for a long time acquiesced in and acted in good faith on such practical construction.

3. Where a town, in consideration of a lot owner's waiver of his rights under a contract to another tract of land, vacated, under the authority of Rev. Stat. 1899, 1545, Par. 4, a part of the street in front of his lots, and had built a public library on the property surrendered by him, so that

it could not restore his former situation, it is estopped to deny the validity of the vacation of the street.

4. The doctrine of equitable estoppel applies to municipal corporations in their acts with regard to the streets, though title to a street cannot be acquired by prescription.

5. Where evidence of facts necessary to establish an estoppel was admitted without proper objection, appellee may rely on estoppel, though he did not plead it, if his pleading might have been amended at the trial to allege the estoppel.

6. Where a city vacated a part of a street, in consideration of the surrender by the adjoining owner of his rights under an oral contract, which the lot owner and the other party treated as valid, the city cannot thereafter attack the validity of that contract.

7. Where an oral contract creating interests in land has been carried into effect, and each party has gone into possession thereunder, the rights so acquired are not affected by the statute of frauds.

8. Where no record was made of city council proceedings at which the rights of the parties were settled, those proceedings can be proved as against the city by parol, though a record thereof could not be contradicted by parol, since the city is estopped from claiming any advantage by its failure to perform its duty to record council proceedings.

ERROR to the District Court, Natrona County; HON. CHARLES E. WINTER, Judge.

Action by A. J. Mokler, against E. P. Rohrbaugh, Mayor of Town of Casper, now City of Casper, and others. There was a decree for plaintiff and defendants bring error.

*W. H. Patten,* for plaintiff in error.

The court erred in admitting opinion evidence as to the necessity, condition or width of a street (5 Ency. Ev. 681). The map and dedications in evidence indicate an intention that the lands should be dedicated as a street intersection (Strong v. Pritchett, 61 Northeastern 973; Atlas Lumber Co. v. Quirk, 135 Northwestern 172; London, San Francisco Bank v. Oakland, 90 Fed. 691; Arnold v. Weiker, 40 Pac. 901). Defendant had burden of proof of vacation (McQuillin, Sec. 1417); there was no record proven of council proceedings authorizing exchange of property; council could not sell a street (St. Paul, Chicago, M. & I.

R. R. Co., 68 N. W. 459; San Francisco v. Itsell, 22 Pac. 74; McQuillin, 1141; C. B. & Q. R. R. Co. v. Quincy, 27 N. E. 192; Hoadley v. San Francisco, 12 Pac. 125; Elliott, Sec. 942). Council cannot do indirectly what it cannot do directly (Elliott, Sec. 1188; Field v. City, 124 N. W. 496; City v. Co., 34 N. W. 197; Town v. Imp. Co., 80 Pac. 549; McQuillan, Sec. 1335; City v. Tichnor, 53 N. W. 561). In any event the attempted action of the city was *ultra vires* (McQuillan, 1172; State v. Murphy, 31 S. W. 784; Co. v. City, 91 N. W. 1081; City v. Martin, 68 S. W. 605; State v. Martin, 34 S. W. 51); defendant did not plead estoppel and the defense is not available (Nance v. Ins. Co., R. C. L. 149; Lumber Co. v. Barth, 93 Pac. 38). The essentials of equitable estoppel are lacking (16 Cyc. 738; City v. Luney, 61 N. E. 1036; City v. Niloon, 53 N. W. 561; Shirk v. Chicago, 63 N. E. 192; Russell v. City, 65 N. W. 1088; Rolston v. Weston, 33 S. W. 326; Wolfe v. Town, 32 N. E. 1017; Elliott, Sec. 1189; City v. Nesler, 37 N. E. 956; Wetherspoon v. City, 13 S. E. 844; Trust Co. v. Wagner, 40 Pac. 764). The plat offered in evidence shows intention to dedicate the ground to public use.

*M. W. Purcell,* for defendant in error.

Defendant in error claims under a contract with the city, made in good faith and acquired possession thereunder; the city is estopped (C. R. I. & P. R. Co. v. Joliet, 79 Ill. 26; Lee v. Town, 8 N. E. 763; Joliet v. Werner, 46 N. E. 780). The land surrendered to Mr. Mokler had been vacated by action of the council; failure of the council to make a record thereof cannot operate to the prejudice of Mr. Mokler; the town had authority to vacate the street (Laws 1901, ch. 34, sec. 1 and 2; Ponischil v. Co., 83 Pac. 317; Glasgow v. St. Louis, 107 Mo. 198; 17 S. W. 743); the contention that all vacant ground left unplatted by owners who filed original plat, was dedicated to the town, is unsound. Mokler acted in good faith and having performed all requirements of his agreement with the city, is entitled to equitable relief.

BEARD, CHIEF JUSTICE.

In this case the plaintiffs in error were enjoined by the District Court from interfering with defendant in error in his possession of a small triangular piece of land adjoining certain lots owned by him in the town, now city, of Casper. From that decree plaintiffs in error bring the case to this court by proceedings in error.

The situation can be best understood by reference to the following plat which is a substantial copy of that part of the original plat of said town in which the subject of this suit is situated. The streets are eighty feet wide, and the full lots

are twenty-five feet by one hundred feet. The unbroken lines represent the street and block lines as they appear on the recorded plat. Lots 10, 11 and 12, in block 4, are, and have been since September 5, 1901, owned by Mokler. The small triangular piece of land marked "A" is the land involved in this action. The triangle marked "B" is not numbered or in anywise designated on the original plat either

as street, alley, or public ground.  The small end of this triangle marked "P. L." is occupied by a "Carnegie" library now under the control of the county.  In 1904, J. M. Carey, who claimed to own the triangle "B", gave to Mokler a contract for, or option to purchase this ground.  During that year, the town or city, whichever it then was, desired to procure ground for a park and library site, and requested Judge Carey to donate to it said land, which he expressed a willingness to do, but could not on account of his contract with Mr. Mokler.  Mokler desired to secure the triangle "A" in order to square up his lots.  At a meeting of the town or city council, at which Mr. Mokler was present, it was agreed that he should surrender his contract with Carey and that he should be granted the triangle "A" in consideration therefor.  No record seems to have been made on the town records of this transaction, nor was it evidenced by any writing.  The town or city took possession of the tract "B", extended or at least opened Durbin Street south to First Street, established a park, of which the triangle, P. L., is a part, vacated First Street south of P. L. and that part of the street enclosed in "A", and erected the library building. Mokler took possession of "A", fenced it, erected some buildings thereon, built a cement sidewalk about it, the grade for which was given him by the city or town engineer, and has ever since been in the exclusive possession thereof, claiming to be the owner.  We think the evidence is sufficient to sustain the foregoing statement of the facts.

The city threatened to take possession of the triangle A, and to remove or destroy the improvements Mokler had placed thereon, and to arrest him for obstructing the street, whereupon he brought this action, with the result stated. A number of errors are alleged, for which it is urged the judgment should be reversed.  It is claimed that the plat shows that the triangle B was dedicated to the public, and, therefore, neither Carey nor Mokler could have any interest in or title to it.  The plat was filed for record February 7, 1889, but the record does not disclose when the town of Casper was incorporated, or when or how Carey became

the owner of said tract. It does appear, however, that the town never attempted to exercise any control over any part of the triangle B, and recognized Carey's ownership and right to the possession of the same. It applied to him to donate it to the town as a part, at least, of a library site and public park. Whatever doubt might arise from the plat alone as to the intention of the dedicator with respect to this tract, we think is removed by the subsequent acts and conduct of the parties. It is well settled that if the meaning of a contract or instrument is doubtful on its face, the practical construction put upon it by the parties should have great weight in determining its proper construction (J. W. Denio Milling Co. v. Malin, 25 Wyo. 143, 165 Pac. 1113; Johnson v. Gibson, 78 Ind. 282; Willcuts v. The Northwestern Life Ins. Co., 81 Ind. 300). That rule is applicable to a case of the character which we are now considering (Goode v. The City of St. Louis, 113 Mo. 257, 275, 20 S. W. 1048; The City of Noblesville v. The Lake Erie and Western Railroad Co., 130 Ind. 1, 29 N. E. 484). This is especially true where the parties have for a long time acquiesced in and acted, in good faith, upon such practical construction. Upon the evidence in the record we are of the opinion that the triangle B was not dedicated to the public either as streets or other public grounds. The town council was invested with authority to vacate streets (Par. 4, Sec. 1545, R. S. 1899), that being the statute in force at the time that part of First Street included in the triangle A was vacated. Having vacated that part of the street, and having given Mokler possession and permitted him to remain in possession and to place improvements thereon, and having taken possession of the triangle B and devoted it to public purposes so that it cannot restore Mokler to his former situation, we think the city is estopped from now repudiating the transaction. It may be conceded that title to a street cannot be acquired by prescription, and that mere possession for the statutory period of limitations will not ripen into title. But, as held in many states, the doctrine of equitable estoppel applies to municipal corporations. In

discussing the question, Judge Dillon, in 2 Dill. Mun. Corp., 2nd ed., sec. 533, said: "There is no danger, in recognizing the principle of an equitable estoppel *in pais* as applicable to such cases, as this leaves the court to decide the question, not by the mere lapse of time, but by all the circumstances of the case, to hold the public estopped or not, as right and justice may require." In support of the rule thus stated by Judge Dillon, we cite, but without quoting therefrom, the following authorities: Baldwin v. Trimble, 85 Md. 396, 37 Atl. 176, 36 L. R. A. 489; Van Tobel v. City of Lewiston, 41 Mont. 226, 108 Pac. 910, 137 Am. St. Rep. 733; The People v. Wiebald, 233 Ill. 572, 84 N. E. 646; Blennerhassett v. Town of Forest City, 117 Ia. 680, 91 N. W. 1044; Jordan v. City of Chenoa, 166 Ill. 530, 47 N. E. 191; C. R. I. & P. R. R. Co. v. City of Joliet, 79 Ill. 25; Burroughs v. City of Cherokee, 134 Ia. 429, 109 N. W. 876. In the present case the equities are much stronger in favor of Mokler than in many of the cases cited. He has not only been in possession of the land in controversy for more than the period of limitations, but his possession was also by and with the express agreement of the town authorities who had vacated that part of the street, and is not able to restore him to his former situation. It is contended that an estoppel was not sufficiently pleaded. But the evidence of the facts necessary to constitute an estoppel was admitted without proper or valid objection, and the pleading might have been amended to conform to the facts proven; and such an amendment would not have amounted to a change in the cause of action (Kuhn v. McKay, 7 Wyo. 42, 49 Pac. 473, 51 Pac. 205).

It is argued that Mokler's contract with Carey was void, not being in writing. A sufficient answer to that is, that the undisputed evidence is that both of them regarded it as valid and neither of them sought to avoid it for that reason. It is also urged that the agreement between the town and Mokler was void because not in writing. But the rule is well settled that, "where oral agreements creating interests in land have been carried into effect by the acts of the par-

ties, the rights acquired thereunder are not affected by the
statute" (20 Cyc. 303, and cases cited in note). In this
case the agreement for the exchange was fully consummated
and each party went into possession under the agreement
and has so continued in undisturbed possession for about
twelve years.

The fact that the transaction between the town and Mokler
was not made a matter of record, cannot defeat the latter's
rights. In 2 Dill. Mun. Corp., 5th ed., sec. 557, it is said:
"But a distinction has sometimes been drawn between evi-
dence to contradict facts stated on the record and evidence
to show facts omitted to be stated upon the record. Parol
evidence of the latter kind is receivable unless the law ex-
pressly and imperatively requires all matters to appear of
record, and makes the record the only evidence. Thus, in a
well considered case in the Supreme Court of the United
States, it was held that the acts of a corporation might be
proven otherwise than by its records or some written docu-
ment, even although it was its duty 'to keep a fair and regu-
lar record of its proceedings'. The statute did not prescribe
that nothing but a record vote or written document should
bind the corporation or be received in evidence. Such
written evidence was not deemed indispensable unless posi-
tively required. The direction to keep a record was re-
garded as directory." (See also Section 558, and notes; 28
Cyc. 343, 19 R. C. L. 903 and 7 A. & E. Ann. Cas. 1046.)
The failure to make a record of what was actually done at
the meeting of the town council being the fault of the officers
of the town, the town is estopped from claiming any ad-
vantage by reason of such omission; and parol evidence was
properly admitted in this case to prove what was actually
done.

Upon the whole record, we think the equities of the cause
are in favor of Mokler, and that no prejudicial errors oc-
curring on the trial have been shown; and that the decree
is sustained by sufficient evidence. The decree of the Dis-
trict Court is, therefore, affirmed.              *Affirmed.*

POTTER and BLYDENBURGH, JJ., concur.