No. 35,024

American National Bank of Hutchinson, *Appellee*, v. Samuel L. Gorham and Lou Drake Gorham, *Appellants*.

(109 P. 2d 65)

Opinion filed January 25, 1941.

*Max Wyman* and *Erskine Wyman*, both of Hutchinson, for the appellants.

*Walter F. Jones, H. R. Branine, Claude E. Chalfant* and *J. Richards Hunter*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Allen, J.: This action was to foreclose a mortgage on real estate. Judgment was rendered for the plaintiff, foreclosing the mortgage and fixing the period of redemption at six months. On this appeal defendants contend they are entitled to eighteen months in which to redeem.

The case was tried upon the following agreed statement of facts:

"It is hereby stipulated for the purpose of determining the period of redemption from sheriff's sale made in the above-entitled action that the facts are as follows:

"Defendant, Samuel L. Gorham, paid one Thomas D. See one ($1.00) dollar for an option to purchase the real estate involved in this action for an agreed price during an agreed time.

"Thereafter defendant, Samuel L. Gorham, made an application to the Federal Housing Administration for a loan in the sum of forty-six hundred ($4,600) dollars for the purpose of erecting a house upon the real estate herein involved, said loan to be secured by a mortgage upon said real estate; said application was dated ———; that on ——— said defendant was advised said loan would be approved by FHA; thereafter and on March 30, 1939, defendant exercised his option by paying the full purchase price of the lot out of his own funds and was given a warranty deed that same day. The real estate was not paid for from the proceeds of the loan, and at this time no money had been advanced on said loan. On April 4, 1939, plaintiff's mortgage was executed and on April 9, 1939, it was placed of record.

"On April 28, 1939, the first money was advanced by the American National Bank of Hutchinson, Kan., in the sum of four hundred and sixty ($460) dol-

lars as is evidenced by the copy of the promissory note hereto attached marked 'exhibit A', the remaining balance to be secured by the mortgage was advanced by the American National Bank of Hutchinson, Kan., as the house and improvements on the real estate were completed.

"Gorham paid approximately seven hundred ($700) dollars out of his funds for the building of the house.

"That the amount of principal due upon said loan and the mortgage securing the same at the time of the judgment in this action represented more than two-thirds of the cost of the lot plus said seven hundred ($700) dollars, plus the amount advanced upon said loan.

"The question involved in this case is whether or not plaintiff has a purchase-money mortgage within the meaning of 60-3466, G. S. 1935, so that defendant would have only six months from the date of the sale within which to redeem the same."

Plaintiff contends that the purchase of the lots and the erection of the building are one transaction for the accomplishment of which the mortgage was given—that the mortgage is in effect a purchase-money mortgage and the defendants are therefore entitled to but six months in which to redeem.

Under the agreed statement of facts the defendant Gorham paid the full purchase price of the lot out of his own funds and secured a deed to the property. It was further agreed: "The real estate was not paid for from the proceeds of the loan, and at this time no money had been advanced on the loan."

Clearly this was not a purchase-money mortgage under the statute G. S. 1935, 60-3466.

The judgment is reversed and the cause remanded with directions to enter judgment allowing defendants eighteen months in which to redeem.