OMAHA LOAN AND BUILDING ASSOCIATION, A CORPORATION, APPELLEE, V. FRANK O. TURK ET AL., APPELLEES, HAROLD C. CREW, APPELLANT.

21 N. W. 2d 865

FILED MARCH 1, 1946. No. 32026.

*William A. Ehlers,* for appellant.

*Penelope H. Anderson* and *Fitzgerald, Tesar & Welch,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

The action here as originally instituted was by plaintiff to foreclose a second mortgage on certain real estate in Douglas County, Nebraska, the title to which was held by the defendants Frank O. Turk and Ellen G. Turk. Harold C. Crew was made a party defendant for the reason that he was a judgment creditor of the defendant Frank O. Turk holding a valid judgment which at the time of the commencement of the action was a lien against the real estate of the said Frank O. Turk.

The defendants Turk defaulted. The defendant Crew filed an answer and cross-petition wherein he alleged that the lien of his judgment was prior to the lien of the mortgage of the plaintiff.

A trial was had and a decree entered foreclosing the mortgage. The court decreed that the lien of plaintiff's

mortgage was superior to the lien of the judgment of the defendant Crew.

From the portion of the decree declaring the priority of plaintiff's lien the defendant Crew has appealed. No question except the propriety of the holding of the trial court in this respect is presented for determination here.

The material facts as disclosed by the record are that on April 15, 1933, the plaintiff leased to the defendants Turk the real estate in question for a term of two years. By the terms of the lease the Turks were given an option to purchase for the price of $2,100. The rental was $30 per month. Only $60 of the rental was ever paid.

In December 1933, negotiations began whereby the Turks were finally able, in April 1934, to exercise their option and to purchase the property. Title passed to the Turks by deed from plaintiff dated April 10, 1934, which was recorded April 11, 1934. In order to effect the purchase the Turks gave the Home Owners Loan Corporation a first mortgage of $1,920 and the plaintiff a second mortgage of $270.98. The first mortgage was dated March 15, 1934, and recorded April 10, 1934. The second mortgage was dated December 13, 1933, and recorded April 24, 1934.

On April 17, 1934, defendant Crew filed in the office of the clerk of the district court for Douglas County, Nebraska, the transcript of a judgment from the municipal court of the city of Omaha, Douglas County, Nebraska, for $258.50, interest, and costs, against the defendant Frank O. Turk. The judgment was then in full force and effect and by appropriate proceedings it has been kept alive.

This judgment with its accumulations became and at all times herein mentioned was a lien upon the real estate in question. Plaintiff does not contend otherwise. Appellant contends that his lien has priority over the mortgage lien of plaintiff on account of the fact of its priority in recording.

The plaintiff contends that its lien has priority as a pre-existing purchase-money mortgage the priority of which was not affected by failure to record before the attachment of the lien of the judgment.

The appellant claims his priority by virtue of the terms of section 76-238, R. S. 1943, which is as follows: "All deeds, mortgages and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages or other instruments shall be first recorded; *Provided*, that such deeds, mortgages and other instruments shall be valid between the parties."

Plaintiff contends that under the terms of this section as interpreted by the decisions of this court the filing of the transcript of the judgment in the district court gave appellant's judgment lien no priority over the mortgage.

In the case of Harral v. Gray, 10 Neb. 186, 4 N. W. 1040, decided in 1880, it was held that the lien of a judgment was inferior to a prior but unrecorded deed. A section of the recording act at that time was in all substantial particulars the same as the one on which appellant relies in this case. R. S. 1866, ch. 43, s. 16, p. 283.

In the opinion it was said, referring to and adopting a holding in Mansfield v. Gregory, 8 Neb. 432: "Under that decision it may be considered settled—if, indeed, the courts of the country had not long since settled it—that a prior unrecorded deed, made and delivered in good faith for a valuable consideration, so as to pass title in law, will take precedence of an attachment or judgment, provided such first-mentioned deed be recorded before any deed to the premises be recorded, which is based upon such attachment or judgment."

In Mansfield v. Gregory, 11 Neb. 297, 9 N. W. 87, a like holding was made. In the opinion it was said: "And to defeat the interest of one holding in good faith under an unrecorded deed, it is not enough for one to show merely that he is a judgment creditor of the grantor in the deed, or even

that he is a purchaser under such judgment, but in addition to this it must appear that his lien is evidenced by some instrument, a sheriff's deed for instance, 'required to be recorded,' which must be entered of record before such prior conveyance."

In Mahoney v. Salsbury, 83 Neb. 488, 120 N. W. 144, the rule stated in Harral v. Gray, *supra,* was specifically approved.

In Minor Lumber Co. v. Thompson, 91 Neb. 93, 135 N. W. 429, in the following language, a like rule was declared as to mortgages: "A prior unrecorded mortgage on real estate, made in good faith and for a valuable consideration, will take precedence of a title derived by virtue of a sale under attachment or execution, if such mortgage is placed on record before the sheriff's deed based upon such proceedings is recorded."

The rules stated in Harral v. Gray, *supra,* and Minor Lumber Co. v. Thompson, *supra,* were approved in Stocker v. Church, 113 Neb. 639, 204 N. W. 398. From these rules there has been no departure in the decisions of this court.

The interpretations contained in these cases are not inconsistent with but conform to the language of the quoted section of the recording act and the clear intent of the Legislature in its enactment.

It will be observed from an examination of the section that the design of the enactment was not to protect the liens of all creditors and subsequent purchasers in good faith without notice but only such as had deeds, mortgages, or other instruments subject to recording and which shall be first recorded.

The filing of transcript of a judgment of the municipal court of the city of Omaha in the office of the clerk of the district court creates a lien upon all of the real estate of the judgment debtor in the county (section 26-1,170, R. S. 1943) but the filing of the transcript is not a recording within the meaning of the recording act.

On this ground it becomes necessary to hold that the lien of plaintiff's mortgage was superior to the judgment lien of the appellant.

There is another reason why the contention of the appellant may not be upheld. From the record it sufficiently appears that the mortgage of plaintiff is a purchase-money mortgage and as such takes priority over a judgment against the mortgagor. In Prout v. Burke, 51 Neb. 24, 70 N. W. 512, as a statement of principle on which to base a related holding it was said: "It has been held that a mortgage given to secure the unpaid purchase money of land executed simultaneously with the deed takes precedence of a judgment against the mortgagor."

With regard to a Nebraska purchase-money mortgage it was said in Troyer v. Mundy, 60 F. 2d 818: "Defendant contends, however, that her mortgage interest should be protected, on the theory that it is in the nature of a purchase-money mortgage, and the lower court so held. The original mortgage given to defendant's father was without question a purchase-money mortgage. As such it was entitled to the highest consideration of a court of equity, taking precedence over prior judgments and all other existing and subsequent claims and liens against the mortgagor to the extent of the land sold."

One other matter requires consideration herein. Appellant contends that the pleadings of plaintiff are insufficient to sustain the decree giving the lien of the mortgage priority over the lien of his judgment. This contention is without merit.

The question of priority was raised by the affirmative allegations in the cross-petition of appellant. His claim of priority was denied in the reply. The burden was on defendant to plead and prove that his judgment lien was superior to the lien of plaintiff's mortgage. The evidence failed to support his contention.

The decree of the district court is affirmed.

AFFIRMED.