Charles G. **VAN PATTEN, Jr., and Martha Louise Van Patten, Appellants (Plaintiffs),**

v.

**Charles VAN PATTEN and Westamerica Mortgage Company, a Colorado corporation, Appellees (Defendants).**

No. 89–93.

Supreme Court of Wyoming.

Dec. 15, 1989.

Fred W. Phifer, Wheatland, for appellants.

Richard L. Williams of Williams, Porter, Day & Neville, P.C., Casper, for appellee Westamerica Mortg. Corp.

Before CARDINE, C.J., THOMAS and MACY, JJ., and RAPER and BROWN, Retired JJ.

BROWN, Justice, Retired.

The trial court determined that appellee Westamerica Mortgage Company (Westamerica) had a purchase money mortgage superior to appellants' equitable title.

Appellants assert two issues:

1. There is no evidence to support the Court's finding that Defendant's mortgage was a purchase money mortgage.

2. Is Defendant's Mortgage superior to Plaintiffs' equitable title?

Westamerica states that the issues are:

1. Was the trial court correct in finding that the mortgage from Charles Van Patten to Westamerica Mortgage Company was a purchase money mortgage?

2. Did the mortgage to Westamerica Mortgage Company have priority over any claims arising through its mortgagor, Charles Van Patten?

3. Was the mortgage to Westamerica Mortgage Company superior to the equitable title claimed by the appellants?

We will reverse and remand.

This case was commenced by appellants filing a quiet title action against appellees on January 7, 1988. The matter was tried to the court sitting without a jury on stipulated facts. The agreed facts are:

Appellee Charles Van Patten is the son of Charles G. Van Patten, Jr. and Martha Louise Van Patten (appellants).

On June 10, 1977, Charles Van Patten and Julia Van Patten entered into a contract for deed wherein Marvin L. Roberts, et al., were sellers and Charles Van Patten and Julia Van Patten were buyers. The contract for deed covered Lot Number 11 in Western Acres, a subdivision in the N½NW¼ of Section 35, Township 24 North, Range 68 West, 6th P.M., Platte County, Wyoming, and encompassed approximately five acres. This contract for warranty deed was recorded on May 9, 1978, in Book 11, page 101, office of the County Clerk, Platte County, Wyoming.

In 1977 or 1978, appellants purchased one acre from appellee Charles Van Patten out of the property which is the subject matter of this action, for the sum of $2,000. In 1979, appellants purchased an additional one and one-half acres out of Tract 11 for an additional $3,000. No deed to either of these parcels was ever executed or delivered to appellants by appellee Charles Van Patten. Appellants have been living in their home on said property continuously since 1977. On May 17, 1983, Julia Van Patten quitclaimed all of her interest in Tract 11 to appellee Charles Van Patten.

In the summer of 1983, appellee Charles Van Patten applied for and obtained a loan from Westamerica, which loan was secured by a mortgage on Tract 11. The mortgage was dated July 22, 1983, and recorded July 29, 1983, in Book 245, page 74, records in the office of the County Clerk, Platte County, Wyoming. In connection with this loan application, a survey was completed on Tract 11, a copy of which was supplied to Westamerica showing two structures on the property. An appraisal was also done on the property in question, part of which included pictures of two structures on the property. Appellee Charles Van Patten ex-

ecuted an owner's affidavit stating "[t]hat there is no person in actual possession or having a right to possession of said property or any part thereof, other than said owner(s)."

Appellee Charles Van Patten defaulted on repayment of the loan to Westamerica, and Westamerica foreclosed on its mortgage. A sheriff's sale was held on January 12, 1988, and Westamerica was the high bidder at the sale for the property.

Appellants were not aware that there was a mortgage on the property until 1987. In addition to the $5,000 which the appellants paid to their son, appellee Charles Van Patten, for the land, improvements were also made.

After Westamerica answered, both appellants and Westamerica made motions for summary judgment. These motions were denied and the case proceeded to trial on the stipulated facts.

After trial, the trial court ruled in favor of appellees and dismissed appellants' complaint with prejudice. The basis of the court's judgment in favor of appellees was set out in the court's decision letter [1] which stated that Westamerica's purchase money mortgage was superior to appellants' equitable title.

If the mortgage here was in fact a purchase money mortgage, it would be entitled to a preference over certain claims or liens arising through the mortgagor, although they were prior in time.

A mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto, or afterward, but as a part of the same transaction, is a purchase-money mortgage. The deed and mortgage need not be executed at the same moment, or even on the same day, to make them contemporaneous, within the meaning of this rule, provided they are parts of one continuous transaction, and so intended to be. A mortgage given to secure money to be applied on the purchase price of land, although given after the execution of a deed of the property mortgaged, the mortgagee paying the money to a third person with whom the deed had been deposited in escrow until the payment of the purchase price, and securing the deed and delivering it to the mortgagor, is nevertheless a purchase-money mortgage. Moreover, the fact that a mortgage is made to a person other than the vendor does not prevent its being a purchase-money mortgage.

55 Am.Jur.2d *Mortgages* § 13 at 202–03 (1971) (citations omitted).

A mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto, or afterward, but as a part of the same transaction, is a purchase-money mortgage, and is entitled to a preference as such over all other claims or liens arising through the mortgagor although they are prior in point of time. It has also been held that a mortgage given to secure money to be applied on the purchase price of land, although given after the execution of a deed of the property mortgaged, the mortgagee paying the money to a third person with whom the deed had been deposited in escrow until the payment of the purchase price, and securing the deed and delivering it to the mortgagor, is a purchase-money mortgage, and takes precedence over other liens and claims.

Therefore, the Court finds [Westamerica's] mortgage to be superior to [appellants'] equitable title.

Ingratitude, thou marble-hearted fiend
More hideous when thou show'st thee in a child,
Than the sea monster;
How sharper than a serpent's tooth it is
To have a thankless child!!
>> Shakespeare
>> King Lear

---

1. The trial court's decision letter states in pertinent part:

    Gentlemen:

    The Court must agree with Mr. Williams that the [appellants] never obtained title to the property which is a prerequisite to the applicability of Section 1–32–207 of the Wyoming Statutes.

    The [appellants'] son did not have title himself until he negotiated the purchase money mortgage in 1983, several years after the sale to his parents. Until 1983, the son could not deliver legal title to his parents.

*Id.,* § 348 at 408 (citations omitted). *See also Powers v. Pense,* 20 Wyo. 327, 123 P. 925 (1912); *Emery v. Ward,* 68 Colo. 373, 191 P. 99 (1920).

A purchase-money mortgage generally takes precedence over all existing and subsequent claims and liens against the mortgagor as to the property sold. *Omaha Loan & Bldg. Assn. v. Turk,* [146 Neb. 859, 21 N.W.2d 865 (1946)].

A purchase-money mortgage is given for the unpaid purchase money on a sale of land as part of the same transaction as the deed, and its funds are actually used to buy the land.

*Commerce Savings Lincoln, Inc. v. Robinson,* 213 Neb. 596, 331 N.W.2d 495, 497–98 (1983).

"To constitute a purchase-money mortgage, the money must have been loaned with the express purpose and intention that it should be used in paying the purchase price of the land." *Lorenz Co. v. Gray,* 136 Or. 605, 298 P. 222, 225 (1931). A portion of *Lorenz Co.* was overruled in *Anderson v. Chambliss,* 199 Or. 400, 262 P.2d 298 (1953); however, the rule we quoted above was not disturbed.

"[T]he true test as to when a mortgage is a purchase-money mortgage, is not whether it is executed to the vendor, but whether the proceeds are to be used to apply on the purchase price." *Wermes v. McCowan,* 286 Ill.App. 381, 3 N.E.2d 720, 722 (1936). *See also Ely Sav. Bank v. Graham,* 201 Iowa 840, 208 N.W. 312, 314 (1926); *American National Bank of Hutchinson v. Gorham,* 153 Kan. 145, 109 P.2d 65, 66 (1941); *Syracuse Savings & Loan Association v. Hass,* 134 Misc. 82, 234 N.Y.S. 514, 517 (1929).

The trial court's judgment was based on its finding that Westamerica had a purchase money mortgage on the property involved in this action. The evidence was insufficient to show a purchase money mortgage. Evidence of a purchase money mortgage was deficient in that it did not show that the money supplied by Westamerica was used to pay for the land involved in this action. Furthermore, there was no evidence to show that the land had ever been paid for.

In its brief, Westamerica says:

Given the date of the deed, and recordation of the deed at the same time as the mortgage was recorded, it was certainly reasonable for the trial court to make the inference that the loan proceeds were used to pay off the contract for deed. In the proceeding before this Court, Westamerica's evidence must be given every favorable inference which may be reasonably and fairly drawn from it. *Sinclair Refining Co. v. Redding,* 439 P.2d 20, 22 (Wyo.1968).

Westamerica is asking this court to substitute an inference for the most critical element of proof of a purchase money mortgage. We cannot properly do this.

In their briefs, the parties cite Wyoming statutes. They also allude to theories and defenses other than the basis of the trial court's determination. We need not discuss these statutes, theories and defenses. We confine this opinion to the specific determination of the trial court, that is, that Westamerica had a purchase money mortgage.

Reversed and remanded to the trial court for consideration of appellants' quiet title action and other matters raised by the pleadings.

THOMAS, J., filed a specially concurring opinion.

RAPER, Retired J., filed a specially concurring opinion.

THOMAS, Justice, specially concurring.

I am compelled to concur in the reversal and remand of this case according to the majority opinion. I must confess that I do so somewhat reluctantly. The entire record tends to support what the district court did and would justify affirmance if it could be considered. Unfortunately, some of that information was presented in support of the bank's motion for summary judgment, and it was not duplicated in the stipulation of facts upon which the district court decided the case. The court well

might have been entitled to judicially notice those matters that came from public records, but there is no indication from the record that it did so. It is difficult for me to countenance the necessity for further proceedings in the district court, but there is no question that the disposition by this court is technically correct.

I would have no difficulty sustaining the judgment of the district court on the entire record. Once the district court denied the cross motions for summary judgment, however, the information which was presented in support of those motions no longer could be considered at the trial on the merits absent some consent by the parties. The only information upon which the court could decide the case on the merits was that set forth in the "Stipulated Facts." That stipulation contains no information from which the inference could be drawn that the mortgage taken by the bank was a purchase money mortgage. It might have been possible for the court to judicially notice those matters of public record from which that inference could be made, but Rule 201(e), W.R.E., requires that a party is entitled to be heard if the court takes judicial notice of any fact, and that opportunity was not afforded the Van Pattens in this instance.

It is indeed unfortunate that this case must be returned to the district court so that a record can be made that will lead to the result already reached. It is my impression that the bank will have no difficulty in establishing that the mortgage was a purchase money mortgage. Once those facts are present, the majority opinion demonstrates that the rights of the bank to the premises in question are superior to the equitable interest of the Van Pattens. We have succeeded only in making the case more expensive to the parties and more time consuming for the trial court. In the light of this record, I see no way to avoid that result.

RAPER, Justice, Retired, specially concurring.

I concur in most of the views of the majority, but believe we can and should go further and settle the case completely rather than remanding for further consideration by the trial judge. I do not agree to a remand for further hearing.

I am convinced that a person in possession at the time a mortgage is given by another has a right superior to that of the mortgagee under the circumstances of this case when no inquiry was made by the mortgagee of the interests of appellants, parents of the mortgagor, who had paid the mortgagor for the land but their son never got around to giving his parents any sort of conveyance other than delivering possession. The appellants have enjoyed that possession since 1977 and have expended several thousand dollars in making improvements. They reside on the property and claim against all others; the appellees in particular.

Early on the Wyoming Supreme Court stated the rule to be that:

"Possession of real property by a person other than the vendor is notice to the purchaser of whatever rights or interests, legal or equitable, in the fee which the occupant has or claims and which would be disclosed on a proper and reasonable inquiry of him. Indeed, such possession is notice of all facts in reference to the title which due and diligent inquiry of the occupant would disclose. Therefore possession is notice of the rights of those under whom the possessor claims."

Healy v. Wostenberg, 47 Wyo. 375, 399, 38 P.2d 325, 333–34 (1934) (quoting 66 C.J. 1167).

No reasonable inquiry whatsoever was made to determine the occupants', appellants', claims of right. As I see it, the mortgagor's statement that he owns the property and possesses the same is insufficient and the survey showing two buildings is not an inquiry of who occupies those buildings. It is my view that inspection and inquiry would have revealed the equitable claims of appellants, the persons occupying the buildings.

Later, in Stryker v. Rasch, 57 Wyo. 34, 42, 112 P.2d 570, 573 (1941), it was said "a mortgagee should take notice of the rights

of the person who is in possession of the premises at the time when he takes his mortgage."

It seems to me that the proposition was solidly settled in *Soppe v. Breed,* 504 P.2d 1077, 1080 (Wyo.1973) where it was held that in order to avail themselves of the recording statute, subsequent purchasers to cut off the rights of prior claimants, have the burden of proving they were purchasers in good faith and without notice. Possession by others puts the subsequent claimant on notice and requires reasonable investigation of the rights of such possessors.

To repeat what has already been said, the mere presence of buildings shown by survey proves nothing. A statement by the mortgagor that no one else was entitled to possession is self-serving and may be fraudulent, not only as to the mortgagee but his parents as well, who had paid out cash to the extent of $5,000 and possessed the property. Not only that, it adds nothing to the covenants already included in the mortgage.

All the foregoing is bolstered by many other Wyoming cases on the subject. *See also Arndt v. Sheridan Congregation of Jehovah's Witnesses, Inc.,* 429 P.2d 326, 329 (Wyo.1967); *State ex rel. State Highway Commission v. Meeker,* 75 Wyo. 210, 294 P.2d 603, 605 (1956).

Nor does the statute of frauds apply where both parties have performed an oral contract for the sale of lands. *Nussbacher v. Manderfeld,* 64 Wyo. 55, 186 P.2d 548, 553 (1947); *Rohrbaugh v. Mokler,* 26 Wyo. 514, 188 P. 448, 451 (1920). The statute of frauds applies only to executory contracts and not to agreements which have been completely executed on both sides. *Nussbacher,* 186 P.2d 548.

Here the purchase money was paid to appellee son and possession of the land was delivered to appellants and they acted on the delivery by expending several thousand dollars in improvements and occupying the residence they developed thereon. No reasonable investigation was made by appellee Westamerica to develop these important and ruling facts.

I would reverse on both grounds; that proposed by the majority and as I have set out. I see no need to refer the case back to the trial judge for any further consideration. He heard and decided the case on stipulated facts, as we have. The conclusion is just, as contemplated by *Koontz v. Town of South Superior,* 716 P.2d 358 (Wyo.1986) with respect to cases decided on stipulated facts.

The title will be settled in that part of the property occupied by appellants and the appellee Westamerica can proceed to foreclose on the balance of land covered by the mortgage and settle title to the balance of the land. This accomplishes the purpose of appellants' quiet title action.